## Naglee's Estate—Catherwood's Appeal.

1. A testator gave the residue of his estate real and personal in trust for his children, and provided " at the expiration of ten years, or at any time thereafter, if in the opinion of my trustees it will be for the benefit and advantage of my estate, and for the interest of my said children, that the said estate be divided among my said children, I hereby authorize the same to be made so that the share of each may be set out in severalty." *Held,* that the opinion of the trustees was the only test of the propriety of a division.

2. The trustees had no power to make partition; no more was committed to them, than determining whether a partition was advisable.

3. The personal estate as well as the real estate was liable to division.

4. Where the replication puts in issue the averments of the answer, it throws upon the defendants the burden of sustaining them.

APPEAL from the Court of Common Pleas of *Philadelphia,* in equity.

The bill was brought by Henry M. Naglee, John Naglee and Joseph M. Naglee against Peter A. Keyser, Alfred Fitler, Charles M. Wagner and Thomas Hart, trustees, Samuel Megargee and Margaret his wife, James Burk and Mary his wife, and Andrew J. Catherwood and Ellen C., his wife.

The bill avers that John Naglee, by his will, with two codicils, made part of the bill, proved February 10th 1852, gave all the residue of his real and personal estate in trust for joint management and improvement, a portion thereof for ten years from his decease, for

[Naglee's Estate.]

the equal benefit of his three sons, the complainants, and the said Margaret, Mary and Ellen C., his daughters ; other portions to be held in trust for twenty years from his decease : that the surviving trustees appointed Thomas Hart and Alfred Fitler, trustees, in place of Elhanan W. Keyser and William B. Hart, deceased, and Charles M. Wagner, in place of John Naglee, discharged at his own request : that the testator's widow is dead, and more than ten years have elapsed since his death, and that the trustees had unanimously resolved that in their opinion it is for the benefit and advantage of his estate and for the interest of his children, that the estate should be divided, so that the share of each should be set out in severalty as authorized by the will, and that the income of the estate accrued since the end of the ten years, should be appropriated to the trusts mentioned in the will other than improvements, &c. : that the testator provided no mode of making the division : that as there is a continuing trust for the daughters' lives, and there are real and personal properties to be divided, and the complainants are entitled under the will, &c., to have a division of their shares in severalty of the estate now divisible, and have no remedy but by bill in equity for the partition thereof, which does not include that directed to remain in trust for twenty years : and praying for partition of the real and personal estate, and the proceeds of the real estate sold, between the complainants and their sisters.

It also appeared by the will and codicils, that in case of vacancy amongst the trustees, the remaining trustees should fill the vacancy, and that at the end of ten years " or at any time thereafter, if, in the opinion of any trustees, it will be for the benefit and advantage of my estate and for the interest of my said children, that the said estate be divided amongst my said children : I hereby authorize the same to be made, so that the share of each may be set out in severalty."

Keyser, Wagner, Fitler and Hart, trustees, answered, substantially admitting the averments in the bill, and submitting themselves to the court.

James A. Burk and Mary his wife answered, admitting distinctly the averments of the bill, and submitting themselves to the court.

Megargee and Catherwood and their wives answered, admitting the introductory averments, and charging, that the new trustees were appointed against the protest of these respondents ; that one of the trustees is inexperienced and incapable, and the others strangers to the interests of the respondents, and incapable of exercising necessary discretion and vigilance ; that if the resolution to divide the estate was adopted—which they ask the complainants may be required to prove, if they deem it material—it was passed by the new trustees after they had received respond-

ents' written protest, and in violation of their duties, without examining whether it would be for the benefit of the estate and children that it should be now divided; that the resolution was not the result of sound judgment and discretion, and not a compliance with the instructions of the testator, and averring that the decision prayed for would be detrimental to the estate, and a destruction of the respondents' interests; that the intention of the testator was to keep his real estate in his family, and a partial partition at this time would defeat that object, and that a partition of the property proposed now to be divided cannot be made so as to set apart each share in severalty; that the trusts for the sons have not ceased; that the estate devised to them was not to be liable for their debts, " which heretofore or shall hereafter be contracted ;" and that the intent of the testator can be made effectual only by keeping the estate in trust during the lives of the sons; that the bill is multifarious, containing two distinct matters—one as to the real estate, the other as to the personal estate : that the trustees have no power over the personal estate.

The complainants filed a general replication.

Proofs were taken, and after argument the court decreed, that partition be made between the parties in said bill mentioned, according to their respective interests therein mentioned and described, and that the matter be referred to a master and commissioners, " who shall divide and make partition of the lands, tenements and personal estate, and value the same, and ascertain the amounts which shall be charged on the realty for owelty, or which shall be paid to any party who shall receive no share, or less than an equal share of said real and personal estate; and the said master is directed after such partition and valuation to award and allot the shares and purparts; and in case the same cannot be divided into as many shares as there are parties entitled, to award and allot the amount to be paid or secured to such as shall receive no allotment of a share, and the times when such payments and any owelty shall be paid, and the purparts out of which they shall be payable; and that said master make report of the matters aforesaid to the court."

This decree was the error assigned.

*F. C. Brewster*, for appellants, made the following points :—

1. That the trustees appointed are hostile to defendants, and were appointed without their consent and against their protest.

2. That one of them is incompetent.

3. That a partition is not to the interest of the estate or advantage of the children.

4. That the opinion expressed by the trustees is not the result of a sound judgment.

[Naglee's Estate.]

5. That the trustees have not viewed, appraised, inspected or valued the real estate for the purpose of division.

6. That the personal estate is not liable to division under the terms of the will, and the intention is that the real estate should also remain undivided.

7. That the answer of defendants is wholly uncontradicted by the evidence, and must be taken as admitted.

8. That the bill is multifarious.

Citing Powers *v.* Suttle, 3 Comst. 396; Sherwood *v.* Read, 7 How. 431; Vancouver's Appeal, 8 W. & S. 405; Hill on Trustees 494.

*E. K. Price*, for H. M., John and Joseph M. Naglee.—The answers are evidence only so far as they are responsive to the bill; Eberly *v.* Groff, 9 Harris 256; Commonwealth *v.* Cullen, 1 Id. 143; 1 Sm. Ch. Pr. 272, n.; Robinson *v.* Cathcart, 2 Cranch C. C. R. 600; McCoy *v.* Rhodes, 11 How. 131, 140–1; Hart *v.* Ten Eyck, 2 Johns. C. R. 88.

The court will not interfere with the decision of the trustees, unless made in bad faith: Hill on Trustees 486–8, n. 1; Gochenauer *v.* Froelick, 8 Watts 19; Chew *v.* Chew, 4 Casey 17.

But only the daughters' shares are in trust, they having all been under coverture at decease of testator; while the shares of the sons are in absolute fee, since the building trust has expired: Lancaster *v.* Dolan, 1 Rawle 236; Smith *v.* Starr, 3 Wh. 62; Hamersly *v.* Smith, 4 Wh. 126; Brown *v.* Wright, 8 Wright 224.

The restrictive words in the codicil as to sons' shares are simply repugnant and void: Perrin *v.* Blake, 1 W. Bl. 672, 698, 700; Reifsnyder *v.* Hunter, 7 Harris 41; Walker *v.* Vincent, 7 Id. 369; Smith *v.* Townsend, 8 Casey 434.

*J. E. Gowen* and *St. G. T. Campbell*, for Keyser, Fitler, Wagner and Hart, the trustees.

The opinion of the court was delivered, March 26th 1866, by

STRONG, J.—This case was heard in the court below on bill, answer, replication and proofs, and a decree was entered that partition be made between the parties according to their respective interests in the bill mentioned and described. From this decree an appeal has been taken, and several reasons have been urged for its reversal. Not one of them, however, has any substance in it.

The interests of the litigants are all derived from John Naglee, and their rights are to be determined by the directions of his will. By that he gave the subject of the present controversy, the residue of his estate, both real and personal, not previously disposed of, one-half to three trustees in trust for his three daughters, one-

[Naglee's Estate.]

third of the said one-half in trust for each, and the remaining one-half he gave to three other trustees in trust for his three sons, one-third of the said last-mentioned half in trust for each son. The will then proceeded to define the powers and duties of these trustees.   In case any of them should refuse to act or die, or be incapable of acting, it authorized and empowered the surviving trustees to supply the vacancy or vacancies by the appointment of other trustees with the same power and authority to act, as if they had been originally appointed.   Provision was then made for partition, as follows, in the language of the testator, " At the expiration of the said five years (extended by a codicil to ten), or at any time thereafter, if, in the opinion of my trustees, it will be for the benefit and advantage of my estate, and for the interest of my said children, that the said estate be divided among my said children, I hereby authorize the same to be made, so that the share of each may be set out in severalty."   The trustees named in the will entered upon the duties of their trust, and vacancies having occurred in their number, they filled those vacancies, as authorized in the will.   After the expiration of the ten years limited by the testator, they unanimously resolved, that in their opinion it was for the benefit and advantage of the estate of the testator, and for the interest of his children, that the estate should be divided among the said children, so that the share of each might be set out in severalty.   As no mode of making a division had been prescribed by the testator, this bill was then filed, at the suit of the three sons; and two of the daughters resist a decree for partition.

The first reason assigned in opposition to a decree is, that the trustees appointed are hostile to the defendants, and were appointed without their consent and against their protest.   If this were fully sustained by the proofs, it would constitute no sufficient reason for denying to the plaintiffs the partition for which they pray. The founder of the trust appointed his own trustees as he had a right to do, without consulting the *cestuis que trust*, and he prescribed the agency by which vacancies should be filled.   In regard to that he conferred upon his daughters, not even an advising power.   It is immaterial, therefore, to the appointment that they were not consulted, and that they were even dissatisfied.   They were, however, notified of the intended appointment, and they made no specific objections.   The allegation now that the trustees appointed are hostile to any of the *cestuis que trust* is supported by no evidence.   They disavow all hostility, and nothing in their conduct justifies the diseased suspicions of the two daughters.

The second objection against the decree of the court is, that one of the appointed trustees is incompetent.   There is not even a shadow of evidence to sustain this.   On the contrary, the proof,

[Naglee's Estate.]

so far as it goes, leads to the conviction that the trustee intended is eminently fit for his position.

The third objection is that a partition is not to the interest of the estate, or advantage of the children. This is also unsustained by the evidence. That it would be inadvisable to make partition now of certain other property, partition of which the testator postponed for twenty years, some witnesses testify, but there is nothing to show that it is not for the interest of the testator's estate, as well as for that of all his children, that a division of the lands and personal property now sought to be divided should be made without longer delay. Moreover, the objection loses sight of the provisions of the will. The right of the parties, or any of them, to partition is not dependent upon an affirmative answer to the question whether the estate would be benefited by a division, or whether a division would be advantageous to the children. The testator has made the opinion of the trustees upon that subject, the first and only test. We do not say that if the trustees acted capriciously, and in wanton disregard of the interests of the estate and of the children of the testator, if in other words, they did not exercise their discretion, but acted wholly without reason, a court of equity should not interfere. But this is no such case. The appellants have been unable to show anything that leads us to doubt the honest and judicious exercise of the discretion vested in the trustees by the will. We have, therefore, no right to substitute the opinions of witnesses, if there were any such, or even our opinion for the opinion of those to whom the testator exclusively confided the determination of the question.

The fourth objection urged is, that the opinion expressed by the trustees is not the result of a sound judgment. If by this is meant that their opinion was not the wisest that could have been found, it is quite immaterial. But if it is meant that the trustees did not bring their sound judgment to bear upon the consideration of the question before them, it is in direct conflict with the evidence. The advantages and disadvantages of a partition were under consideration for a considerable period of time. They were debated in a full meeting of the trustees, to which these appellants and all the children were invited, and the final decision was reached with a deliberation and caution that in our judgment ought to silence all complaint.

The fifth objection is, that the trustees did not view, appraise, inspect or value the real estate for the purpose of division. This would have been important if the trustees themselves had made a partition. But they had no such power. Their action could only be, as it was, preliminary. No more was committed to them than the determination of the question whether, in their opinion, it was advisable that partition should be made. To the decision of that question it was wholly unnecessary that they should make a new

[*Naglee's Estate.*]

and special inspection and valuation of the real estate for the purpose of division. The property had been within the trust more than ten years. During all that time the trustees had collected the rents, paid the taxes, made repairs and improvements, and even erected buildings upon it. They must, therefore, have been sufficiently informed to enable them to make up an intelligent opinion respecting the advantage or disadvantage of a partition.

The sixth objection urged is, that the personal estate is not liable to division under the terms of the will, and the intention is that the real estate should also remain undivided. From this we entirely dissent. Both realty and personalty were given to the trustees. The two kinds of property were blended. They formed constituents of one estate, and as one estate they were made subject to partition on a specified contingency. The testator's intention is as clear as language can make it, that division of both may be made, if, in the opinion of his trustees, it is for the benefit and advantage of his estate, and for the interests of his children.

The seventh objection is, that the answer of the defendants is wholly uncontradicted by the evidence, and must be taken as admitted. It is enough for this that the replication puts in issue the averments of the answer, and throws upon the defendants the burden of sustaining them. In assuming this burden they have failed to substantiate anything that interferes with the complainants' equitable right to a partition.

The last objection urged is, that the bill is multifarious, because it seeks partition of both real and personal estate. The objection overlooks the fact already noticed, that by the will of Mr. Naglee both the realty and personalty were united in the same trust, and directed to be held together. The subject of the bill is therefore one, though composed of different parts. It is the estate given to the trustees, to be treated as one fund, and contemplated by the testator to be distributed in one partition.

This disposes of all the objections urged by the appellants, and vindicates the decree of the court below. We add only that the effect of the partition upon the trusts created by Mr. Naglee's will is not before us. The decree does not relate to any of the trusts. It neither affirms them, nor strikes them down. It matters not to the present case whether the titles of the parties are legal or equitable. That has no bearing upon the complainants' right to partition. Whether all the trusts continue in full life or not, can be determined only in another proceeding.

The decree of the Court of Common Pleas is affirmed at the costs of the appellants.