## Waters v. Crow.

*Practice, C. P.—Ejectment—Rule to bring ejectment—Act of April 16, 1903.*

1. Where a rule is issued under the Act of April 16, 1903, P. L. 212, to bring ejectment, and the respondent fails to enter an appearance or to answer, or to bring ejectment within the statutory period of six months, but, after the expiration of such period, brings an ejectment, judgment for the premises in dispute will be entered for petitioners.

2. In such case, where respondent files an answer after the expiration of the six months, alleging negligence of counsel as the cause of the delay, and the petitioners file a general replication, the burden is on the respondent to sustain the averments of the answer, and if no testimony is taken, the averments of the petition will be regarded as true.

Rule to bring action of ejectment in six months or show cause why same cannot be brought. C. P. Greene Co., Dec. T., 1917, No. 19.

*A. F. Silveus,* for petitioner; *Downey & Hook,* for respondents.

RAY, P. J., Aug. 8, 1921.—This proceeding was instituted under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, § 1, P. L. 212, to settle the title to real estate. The 17th day of September, 1917, on presentation of the petition of Elijah Waters and Emma Dille, a rule was granted by the court on E. H. Crow, the respondent, to bring his action of ejectment within six months from the service of said rule upon him or show cause why the same could not be brought, to settle the title to a certain tract of land described in the petition, situate in Morgan Township, Greene County, Pennsylvania, containing 34.417 acres, subject to certain reservations. The rule was issued the same day and duly served by the sheriff on the respondent Sept. 26, 1917. No appearance was entered and no answer filed by the respondent in the statutory period of six months subsequent to the service

1 D. & C.

of the rule on him, nor did he bring an action of ejectment within the said statutory period of six months.

On March 30, 1918, notice was served on the respondent that the petitioners, on April 8, 1918, at an hour therein named, would move the court to enter judgment against him and in favor of the petitioners for the premises described in the petition and rule, and to make the rule absolute in default of and for failure to appear in response to said rule in six months from the service thereof. In response to this notice, the respondent, May 10, 1918, filed an answer, setting forth, *inter alia*, that he had brought an action of ejectment for the said premises on March 28, 1918, which was one or two days subsequent to the expiration of the six months' period stipulated by the act of assembly under which he had instituted this proceeding. In this answer the respondent sought to relieve his neglect by alleging negligence on the part of his attorney, who was his agent in the matter. His failure either to appear, to answer or to bring ejectment within the statutory period was in no wise the fault of the petitioners or their counsel, or any officer of the court, and he does not so allege in his answer. To this answer the petitioners, Feb. 7, 1919, filed a general replication, joining issue on the averments contained therein. No evidence has been taken in support of the averments contained in the answer, and the replication threw upon the defendant the burden of sustaining them.

In Naglee's Estate, 52 Pa. 154, it is held: "Where the replication puts in issue the averments of the answer, it throws upon the defendants the burden of sustaining them."

The defendant having failed to sustain the averments of his answer, the averments of the petition are to be regarded as true. In effect, therefore, the matter now stands as if no answer had been filed.

In Utley v. Cobb, 42 Pa. Superior Ct. 484, it is held: "Where a person is ruled to bring an ejectment, as provided by the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, and he fails to do so until more than six months have expired from the time the rule was made absolute, and then, without any permission of the court, he issues a writ of ejectment, such writ will be quashed." Section 2 of the Act of March 8, 1889, P. L. 10, which section of the said act is still in force, and by virtue of which the petitioners instituted this proceeding at No. 19, December Term, 1917, provides: "Whenever a person claiming an interest in or title to such real estate shall have been served, and shall fail to appear and show cause why such action cannot be brought within six months after such service, it shall be the duty of the court to enter judgment against the person served and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns; and thereafter no action of ejectment for the recovery thereof shall be brought by such person claiming an interest in or title to such real estate, or any person claiming by, from or under such person: Provided, that if the party served shall fail to appear and show cause within the period of six months as aforesaid, he or she shall not, in any event, be liable for the costs."

In the case at bar the respondent allowed the statutory period of six months from the service of notice upon him to elapse without having appeared, or having answered, or having brought his action of ejectment. Subsequently, however, to the expiration of the period of six months, without application to, or permission of, the court, he instituted an action of ejectment against the petitioners, at No. 44, June Term, 1918, of this court, for the premises described in the petition and rule. Jan. 8, 1919, the defendants in this action of ejectment, Elijah Waters and Emma Dille, procured a rule on the said

E. H. Crow, the plaintiff therein, to show cause why the writ of ejectment should not be quashed and the action abated.

In view of the facts herein detailed, and the record as it stands, we are of opinion that the petitioners are entitled to judgment in their favor and against the respondent for the premises described in the petition and rule, and that the rule should be made absolute, and that the costs of the proceeding should be paid by the petitioners.

And now, Aug. 8, 1921, this matter came on to be heard and was submitted on the petition, answer and replication, whereupon, after due consideration, it is ordered, adjudged and decreed that judgment for the premises described in the petition and rule should be, and hereby is, entered in favor of Elijah Waters and Emma Dille, the petitioners, and against E. H. Crow, the respondent, and the rule to show cause is made absolute, and this judgment shall be final and conclusive between the parties, their heirs and assigns, and the costs of this proceeding shall be paid by Elijah Waters and Emma Dille, the petitioners, and this judgment shall be properly entered by the prothonotary in the judgment index as provided by law in such case.

Ordered, adjudged and decreed accordingly.

From S. M. Williamson, Waynesburg, Pa.