Lomish *v.* Morris Nimelstein Sportswear Company, Inc., Appellant.

394

Argued April 13, 1951. Before STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Philip S. Polis,* for appellant.

*Herman M. Modell,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

Morris Nimelstein Sportswear Company, Inc., appellant, is the defendant in an action in assumpsit instituted by George Lomish, appellee. The corporation filed a rule upon Lomish for the production of books and records in his possession for inspection by it. This rule was discharged. Subsequent thereto appellant filed its bill in equity for discovery averring, *inter alia,* that it had a full and complete defense by way of set-off and counterclaim in that the parties in 1947, orally agreed to become partners; that each was to devote his full time to the partnership business and share losses and profits equally; that Lomish unknown to the corporation, in violation of the partnership agreement, secretly engaged in gainful endeavors and "did not

devote himself exclusively to the partnership business."; that by reason thereof the partnership sustained serious losses and Lomish became unjustly enriched; that Lomish has in his exclusive possession books and records for the years 1947, 1948 and 1949, an inspection of which is necessary and essential to enable the corporation to properly prepare its answer, set-off and counterclaim.

Paragraph 3 of the bill in equity for discovery sets forth the books and records, inspection of which is sought. The paragraph is as follows: "The Defendant has in his exclusive possession the following books and records for the years 1947, 1948 and 1949 dealing with Defendant's (a) Federal Income Tax Returns, (b) Bank Deposit Books, (c) Ledgers, day books and original books of entry, (d) Correspondence and statements showing the money he received from his secret gainful endeavors, (e) Legal papers served upon the Defendant pertaining to suits in connection with Defendant's income, (f) Copies of all Complaints filed by Defendant in connection with Defendant's income, (g) Vouchers and receipts for hotel and traveling expenses, (h) A record of all income, reported and unreported." Lomish filed an answer and amended answer to the bill and a hearing was held thereon. At the hearing, the corporation offered the paragraphs of the bill on the theory that no responsive answer had been filed thereto. The hearing judge sustained objections to such offers. Nothing more was presented in the way of testimony whereupon Lomish moved the court to dismiss the bill, contending that the only issue involved is whether or not there was a partnership between the parties, which fact the plaintiff has failed to prove and therefore is not entitled to discovery on the very basis on which he asks it. The court granted the motion and entered an order dismissing the bill. Exception was taken to the action of the court entering the

order. This appeal is from the order of the court below dismissing this exception.

Appellant contends that it was under no duty to introduce any evidence which would establish or tend to establish *prima facie* the existence of a partnership, relying upon *Sherwood Bros., Inc. v. Yellow Cab Co.*, 283 Pa. 488, 129 A. 563; and *Lesser v. Henry*, 50 Pa. Superior Ct. 440. Appellee asserts and the court below held that the burden was upon the plaintiff in a discovery proceeding to establish *prima facie* a reason for discovery and that appellant having offered certain paragraphs of its bill and objection thereto having been sustained, there was in fact no evidence whatsoever upon which the trial judge could determine existence of a valid reason for discovery.

Discovery in aid of an action at law is an equitable remedy whereby a litigant is enabled to obtain prior to trial information in the exclusive possession of the adverse party necessary to establishment of the plaintiff's or defendant's case. It is available to either party: See *Compton v. International Harvester Co. of America*, 297 Pa. 462, 147 A. 93. The remedy is available to one who would otherwise be unable to prepare pleadings: *Yorkshire Worsted Mills v. National Transit Company*, 325 Pa. 427, 429, 190 A. 897. Jurisdiction in discovery was conferred upon courts of common pleas throughout the State by Act of 1857, P.L. 39. See also Act of 1836, P.L. 784, Section 13, 17 PS §§282, 283; *Peoples City Bank v. John Hancock Mutual Life Insurance Company*, 353 Pa. 123, 127, 44 A. 2d 514. Discovery being an equitable remedy and having a salutary effect upon the administration of justice in that it enables parties litigant to secure facts which would otherwise be denied them and thus constitutes a useful and practical implement in the search for and the presentation of truth, is dependent upon a *prima facie* showing of necessity. The relief is not to be

granted as a matter of right. Much must be left to the discretion of the chancellor before whom the matter is presented. Appellant's contention if sustained would require a pronouncement by this Court to the contrary and a holding that a mere allegation in a bill, specifically denied in an answer thereto, would suffice and require the chancellor to direct the production of information for inspection.

The ruling of the chancellor with regard to admission of the averments of the bill in evidence is not before this Court by assignment of error or statement of question involved. There is presented here only a bill for discovery with an answer thereto in which the court below has held are contained sufficient denials to preclude the application of the rule that an averment not sufficiently denied is admitted. There is no evidence in support of any of the averments of the bill and there was, therefore, no occasion for the exercise of any discretion by the chancellor. There was no *prima facie* proof of any material allegation with respect to a defense to the action in assumpsit by way of set-off or counterclaim: See Discovery, 27 C.J.S., Section 46. The cases relied upon by appellant do not eliminate the duty to establish a *prima facie* case at a hearing on bill and answer.

Decree affirmed at cost of appellant.