## Kuhlman Electric Co. v. Donegal Manufacturing Corp.

*Windolph & Johnstone*, for petitioner.
*Paul A. Mueller*, contra.

SCHAEFFER, P. J., July 18, 1952.—This case comes before the court pursuant to plaintiff's petition for discovery, for an order allowing the taking of depositions and for inspection. An action of assumpsit was brought to recover the unpaid balance of the purchase price of an electric furnace used for manufacturing iron grinding balls. Defendant filed an answer to plaintiff's complaint and set forth a counterclaim to which plaintiff replied. In defendant's answer it is alleged that the furnace failed to comply with the specifications, that it was not installed according to the contract and that it did not operate properly.

The contract price of the furnace is $20,970 and plaintiff sued to recover $8,788.54, being the balance due for the furnace and certain parts. Defendant in

its counterclaim claims $362,779.63 as damages resulting from the alleged failure of the furnace to meet the specifications and for breach of warranty.

In paragraph 13 of defendant's counterclaim it is averred that certain oral warranties were made in connection with the electric furnace involved in this suit by B. W. Schafer, sales manager of the Detroit Electric Furnace Division of plaintiff. These warranties are set forth in detail in the counterclaim. However, plaintiff seeks to know the identity and addresses of the persons to whom B. W. Schafer made the warranties.

Rule 4007 (*a*) of the Pennsylvania Rules of Civil Procedure relating to discovery and depositions, effective June 1, 1951, provides as follows: "The court on petition of any party may allow the discovery of the identity and whereabouts of witnesses." This rule 4007 (*a*) is not made expressly subject to the limitation of the scope of discovery and inspection set forth in rule 4011 which provides, inter alia, that no discovery or inspection shall be permitted which "(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party; (c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which . . . (2) are not competent or admissible as evidence; . . . (4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner". The right of discovery is discretionary with the court. In Anderson's Pennsylvania Civil Practice, vol. 5, p. 206, it is said as to rule 4007 (*a*):

"It would seem that the only case in which the court could properly refuse to allow the discovery of witnesses would be where the circumstances are such that the court has good reason to feel that the discovery is sought for the purpose of tampering with the witnesses

or to harass and oppress the adverse party or the witnesses."

The Pennsylvania Rules of Civil Procedure relating to depositions and discovery provide safeguards against unlimited or unreasonable discovery, nevertheless, the court should exercise due caution in each case before permitting it in the manner and to the extent prescribed by the rules and restrict it by order of court, if deemed necessary.

In the instant case it seems that some of the items of alleged damages are not admissible as evidence. They relate to speculative profits, loss of business and good will. It appears that other items of damages are likewise inadmissible, such as loss sustained by the laying off and quitting of employes to the extent of $50,000, and loss on market price of pig iron amounting to $50,000. There are other alleged losses which do not necessarily follow the breach of contract, but some of the items as pleaded appear to be admissible, such as loss on resale of the furnace and other equipment purchased from plaintiff amounting to $10,-109.61.

It is not intended at this stage to pass on the admissibility of evidence relating to damages, but it is evident from defendant's pleading that discovery is not required with respect to some of the damages in question.

In paragraph 20 of the new matter and counterclaim filed by defendant it is averred:

"After the furnace was installed on May 24, 1950, and operated by the defendant, it failed to meet the specifications of the defendant and perform within them as it was warranted to do, and the plaintiff, accordingly, breached its warranties, relied on by the defendant, especially in the following respects: (a) The refractory cost of the furnace when used to melt low carbon alloy iron was in excess of $15.00 per

ton and not $2.85 per ton as warranted. (b) The furnace, by reason of frequent failures of the brick lining and other failures, could. heat no more than eighteen and one-half tons of low carbon alloy iron per week, in spite of the best efforts of the defendant to operate the furnace at capacity, and could not heat 100 tons of low carbon alloy iron per week as warranted."

In Pennypacker v. Jones, 106 Pa. 237, it was agreed that certain machines be installed in a mill to make flour, which should have a capacity not below 200 barrels of high grades of flour daily. The machines furnished were not capable of producing the barrels per day as stipulated. It was held that the loss of possible profits which might have been made if the mill had run properly was not a proper subject of damages because such damages were too remote and speculative.

Pa. R. C. P. 4001 provides that these rules relating to depositions and discovery apply to any civil action or proceeding at law or in equity. However, the rules do not permit discovery in aid of a contemplated action, but after an action is brought. In Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123 (1945), it was decided that in a bill in equity for discovery in aid of an action at law, the chancellor has a wide field of discretionary action in determining the extent to which discovery from defendant's records will be ordered. Mr. Justice Linn in his opinion said:

"The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it. . . . 'To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion.' "

In Lomish v. Morris Nimelstein Sportswear Company, Inc., 367 Pa. 393 (1951), Mr. Justice Chidsey in his opinion said:

"Discovery being an equitable remedy and having a salutary effect upon the administration of justice . . . is dependent upon a prima facie showing of necessity. The relief is not to be granted as a matter of right. Much must be left to the discretion of the chancellor before whom the matter is presented."

In the instant case the pleadings have been filed but the question arises whether discovery is necessary for plaintiff to prove a prima facie defense. Plaintiff in its brief says:

"Any explanation of the books and records of the defendant company which the deponents make in their depositions will make the figures more understandable to the plaintiff and will narrow and clarify the issue between the parties. Questioning of the persons with knowledge of the disputed items before the trial will greatly expedite the trial and will provide the only means by which the plaintiff can make out a prima facie defense to the counter-claim."

Defendant in its brief says:

"The limitation imposed by Pa. R. C. P. 4011 (c) (4) is entirely applicable to the case in hand. The petitioner has no further pleadings to prepare and, in its reply to the defendant's counterclaim, it sets up no prima facie defense which it now has to prepare. The expression 'prima facie defense' is not without ambiguity, but it must mean some defense such as accord and satisfaction, illegality of contract, and things of that nature. If prima facie defense means rebutting the defendant's case as it will appear on trial, then the words 'prima facie' are unnecessary and the simple word 'defense' would do as well in the rule. This reasoning is confirmed by Ronald A. Anderson, who in Vol. 5, p. 343, of his work on Pennsylvania Civil Practice says that

'discovery is limited to those matters which the moving party will be required to plead and to prove affirmatively at trial.' "

In Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450, it was decided that the boundaries of a prima facie claim or defense are not clear under Pa. R. C. P. 4011(c) (4) and, accordingly, this rule will not be construed strictly in determining whether the information sought is necessary to prepare pleadings or to prove a prima facie claim or defense.

In the case at bar plaintiff sued to recover a balance of about $8,000 and was met with a counterclaim of about $362,000. In 15 of the paragraphs in plaintiff's reply it is averred that plaintiff is without knowledge or information because the means of proof are within the exclusive control of defendant. Discovery is limited to facts which are necessary to prove petitioner's claim or defense. As stated in Anderson's Pennsylvania Civil Practice, vol. 5, p. 342, necessity means that petitioner is unable to secure the information or knowledge from any other source and that unless he secures it by the discovery sought he will not have sufficient information to plead his claim or defense, nor have evidence by which to prove it. While petitioner must establish necessity he is not required to show that the adversary party has exclusive knowledge or control of the means of knowledge.

The court concludes that plaintiff is entitled to limited discovery.

And now, July 18, 1952, the rule granted on plaintiff's petition to show cause why the proposed order of court attached thereto should not be entered, is discharged.

And now, July 18, 1952, upon consideration of plaintiff's petition and the objections filed thereto by defendant, the court permits discovery by oral depositions of the names and whereabouts of witnesses to whom the

alleged warranties were made and the name and address of the party or parties to whom the furnace and parts thereof were resold at a loss, and to ascertain from them relevant facts relating to the alleged oral warranties and the damages claimed in the counter-claim with reference to the resale of the furnace and its parts and the loss sustained by defendant with respect to any defective parts or equipment which were not returned by defendant to plaintiff.