## Perry v. Niedringhaus et ux.

*Wisler, Pearlstine, Talone & Gerber,* for plaintiff.
*High, Swartz, Childs & Roberts,* for defendants.

KNIGHT, P. J., March 13, 1953.—This is a trespass case in which plaintiff seeks to recover damages for personal injuries sustained by her while working as a servant on the property of defendants in Lower Merion Township.

Plaintiff avers in her complaint that in the course of her employment she stepped on an iron grating in order to wash a window and while standing on the grating it gave away and she was dropped into a pit under the grating and injured.

Plaintiff filed a petition for discovery under rule 4005 of the Pennsylvania Rules of Civil Procedure, which provides:

"Subject to the limitations provided by Rule 4011, the Court on petition of any party may allow the serving of written interrogatores approved by the Court to be answered by an adverse party to discover

facts, including the existence and location of tangible things."

Attached to plaintiff's petition were interrogatories which she desires defendants to answer.

The procedure under the rule is somewhat uncertain but we have adopted the practice of allowing a rule on the adverse party to show cause why the interrogatories should not be answered. We believe this to be the fairest and most expeditious way to dispose of the matter, particularly where, as in this case, there is grave doubt if some of the interrogatories are proper.

The court in this case allowed a rule and defendants have filed an answer. The case was argued before the court en banc and is now before us for disposition.

The limitations on the operation of rule 4005 are set forth in rule 4011 which reads as follows:

"RULE 4011. LIMITATION OF SCOPE OF DISCOVERY AND INSPECTION.

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner.

"Discovery in aid of an action at law is an equitable

remedy whereby a litigant is enabled to obtain prior to trial information in the exclusive possession of the adverse party necessary to establishment of the plaintiff's or defendant's case": Lomish v. Morris Nimelstein Sportswear Company, Inc., 367 Pa. 393, 396 (1951).

In the light of the above declaration and the limitations set forth in rule 4011, supra, we will examine the interrogatories filed in this case.

### Interrogatory No. 1

How long have defendants owned premises at 561 Moreno Road, Wynnewood, Lower Merion Township, Pa.?

We are of the opinion that defendants should answer this interrogatory. The action is based on negligence in maintaining a defective grating. If the grating was defective the length of time the defect existed thus becomes important on the question of notice. It may be urged that the information sought was equally available to plaintiff by a search in the office of the recorder of deeds but the date of a deed is not always the time when ownership of real estate begins.

### Interrogatory No. 2

What are the names and addresses of the persons who occupied the premises during the three years prior to the date of the injury to Lydia Perry on October 12, 1953?

We are of the opinion that defendants need not answer this interrogatory. If defendants occupied the premises during the three years in question, then the interrogatory will be answered. What is meant by "occupants"—tenants, relatives, guests? A request to name these is unreasonable. If others than defendants owned the premises during the three-year period, the sources of information are as available to plaintiff as to defendant.

### Interrogatory No. 3

When was the last time, prior to October 12, 1951, that defendants, their agents, servants, or employes, or any independent contractor on their behalf, inspected the premises at 561 Moreno Road, Wynnewood, Pa.?

We are of the opinion that defendants need not answer this question. In the first place, the question is too broad. Inspected for what? Termites, fire hazards, plumbing, lighting, heating, etc. If we construe the interrogatory as applying only to the grating, still we are of the opinion that defendants are not required to answer. We know of no rule of law that requires tenants or owners of dwelling houses to make periodic inspections of their premises to discover defects that may cause injury. In other words, there is no duty to inspect. If a defect exists, the question of whether the owner or tenant knew of it or should have known of it is for the jury.

The fourth, fifth and sixth interrogatories all relate to the answer to interrogatory no. 3 and need not be answered by defendants.

### Interrogatory No. 7

Have any complaints about the condition of the iron grates outside the living room windows of the residence been made to you, your agents, servants or employes?

We are of the opinion that defendants should answer this question but only as to complaints made to them or brought to their knowledge. They could not say if complaints were made to their agents, servants, or employes unless the complaints were communicated to them. Such complaints would be relevant as to the matter of notice and would be within the exclusive knowledge of defendants.

The eighth interrogatory should be answered by the

defendants if the answer to the seventh interrogatory is "yes."

The ninth, tenth and eleventh interrogatories need not be answered by defendants. These are questions as to whether others have been injured by the alleged defective gratings. The fact that others may have been injured is not relevant under the circumstances of this case. The facts may have been entirely different.

### Interrogatory No. 12

What repairs or maintenance work was done to the iron grates or their supports during the three years preceding October 12, 1951?

### Interrogatory No. 13

Do defendants or anyone else known to defendants have written records of the repairs or maintenance work to the iron grates or their supports? If so, state the names and addresses of the persons having such records and the nature of the records which they or defendants possess.

We are of the opinion that defendants need not answer these interrogatories.

In the first place, the fact that repairs were made is not a necessary allegation nor is proof thereof necessary for the plaintiff to make out a prima facie case.

In the second place, plaintiff can easily get the information desired by cross-examination at the trial and by a subpœna duces tecum.

Interrogatories must appear to have material application with applicant's prima facie case. They cannot be used to enable applicant to fish for helpful information: Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427.

And now, March 13, 1953, the rule is made absolute as to the first, seventh and eighth interrogatories. As to all other interrogatories, the rule is discharged.