## Schwartz v. American Home Renovating Co., Inc.

*Arthur A. Maguire* and *Herbert L. Winkler*, for plaintiff.

*Max Rosenn*, for defendant.

PINOLA, J., February 18, 1954.—Plaintiff seeks an order for the inspection of defendant's books and records.

The action to which his petition has reference was brought to recover the balance of moneys said to be due and owing from loans made by him to defendant.

In his complaint plaintiff avers as follows:

"3. The plaintiff did loan to the defendant the following sums of moneys on or about the dates indicated:

| | |
|---|---|
| February 26, 1948, | $ 5,000.00 |
| March 19, 1948, | $ 2,500.00 |
| April 9, 1948, | $ 5,000.00 |
| April 16, 1948, | $ 2,500.00 |
| July 19, 1949, | $ 3,500.00 |
| Total, | $18,500.00 |

"4. The following sums were paid by the defendant to the plaintiff on or about the dates indicated as payments on account of the loans set forth in paragraph 3 above:

| | |
|---|---|
| December 7, 1948, | $ 2,000.00 |
| February 16, 1949, | $ 2,000.00 |
| September 16, 1949, | $ 500.00 |
| December 22, 1949, | $ 500.00 |
| Total sum repaid, | $ 5,000.00." |

To the complaint the defendant filed an answer, alleging in substance that it is without knowledge as to the averments of the complaint, demands proof thereof, and denies in general that defendant owes anything to plaintiff.

Plaintiff states in his petition, paragraph 5, that the inspection is desired in order to enable him "to copy or photograph any entry or notation in the aforesaid records which pertain to the several loans of the plaintiff to the defendant and to any payment by the defendant to the plaintiff on account of said several loans."

And he states, paragraph 6, that:

"The purpose of the inspection is to enable petitioner:

"(a) To prepare adequately for trial with respect to the corporate records regarding the obligation of the defendant to the plaintiff;

"(b) To avoid delay in the course of the trial, at which time it would be necessary for the plaintiff to examine the records designated in paragraph 4 above."

The right of inspection, under Pa. R. C. P. 4009, is specifically made "subject to the limitations provided by Rule 4011." That rule, insofar as it is pertinent, reads as follows:

"No discovery or inspection shall be permitted which

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have; (or)

"(4) are not necessary to prepare the pleadings or prove a prima facie claim . . . of the petitioner; . . ."

These restrictions have caused considerable trouble and been the subject of many decisions. The proposed new rules eliminate Rule 4011(c). But until such time as they are approved, we must continue to wrestle with the problems arising.

Defendant contends that the inspection desired should be denied because the information sought comes within restrictions (3) and (4). We agree.

The issue in the action is simple: What, if anything, is due from defendant to plaintiff on account of loans made?

In his complaint plaintiff has set forth the dates on which the various loans were made and the dates on which partial repayments were made.

He has already filed his complaint, so obviously the

inspection can only be allowed on account of necessity to prove a prima facie claim.

In 5 Anderson Pa. Civil Practice 342, it is stated:

" 'Necessity' in this instance means that the petitioner is unable to secure or obtain that information or knowledge from any other source and that unless he secures it by the discovery sought he will not have sufficient information to plead his claim or defense nor evidence by which to prove it."

As the court said in Lomish v. M. Nimelstein Sports Co., Inc., 367 Pa. 393, 396:

"Discovery being an equitable remedy and having a salutary effect upon the administration of justice in that it enables parties litigant to secure facts which would otherwise be denied them and thus constitutes a useful and practical implement in the search for and the presentation of truth, is dependent upon a *prima facie* showing of necessity. The relief is not to be granted as a matter of right. Much must be left to the discretion of the chancellor before whom the matter is presented. Appellant's contention if sustained would require a pronouncement by this Court to the contrary and a holding that a mere allegation in a bill, specifically denied in an answer thereto, would suffice and require the chancellor to direct the production of information for inspection."

As we see it, all the facts necessary to proof of a prima facie claim are known and available to plaintiff and he seeks only to ascertain what reflection of the transactions is recorded in defendant's books and records.

Peculiarly applicable here is the statement of the court in Fratkin, etc., v. Wolfe, et al., 78 D. & C. 427, 428:

"All of these matters are obviously within the knowledge of plaintiff, and while the intent of the rule is to permit plaintiff to discover matters which are necessary

either to the preparation of his pleading or to the presentation of a prima facie case, the rule certainly is not intended to permit a plaintiff to go on an exploration or to provide ammunition against an anticipated defense."

See also Peoples City Bank v. Hancock Mutual Life Insurance Company, 353 Pa. 123.

Under the circumstances, we enter the following

*Order*

Now, February 18, 1954, at 4 p.m., the petition for inspection is denied.