## Seeberger v. Jones

*P. M. Goldstein*, for plaintiff.
*Axelroth & Porteous*, for defendant.

SMITH, P. J., May 20, 1954.—In this case, plaintiff filed a complaint in trespass alleging that on Friday, April 11, 1952, defendant negligently operated his automobile in a southerly direction on York Road, Philadelphia, and ran into and injured plaintiff who was walking across York Road at its intersection with Chelten Avenue.

After the filing of the complaint in trespass, plaintiff filed a petition for interrogatories, asking for discovery, in the way of written interrogatories, upon defendant under rule 4005. Plaintiff indicated that

he wished this discovery to ascertain facts necessary to him in order to prove a prima facie case.

Under the Discovery Rule 4005, there are certain well-known limitations as provided by rule 4011. The latter rule, providing for limitation of scope of discovery states:

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relative and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;"

"Discovery in aid of an action of law is an equitable remedy whereby a litigant is able to obtain prior to trial information in the exclusive possession of the adverse party necessary to establishment of the plaintiff's or defendant's case": Lomish v. Morris Mimelstein Sportswear Company, Inc., 367 Pa. 393, 396.

In the light of the above declaration and the limits set forth in rule 4011, supra, we will examine the interrogatories filed in this case.

Interrogatory no. 1:

"Set forth the names and the home and business address (es) if known, of all persons known to you, your attorney, or other representatives, who were present at or near the scene of the accident at the time in ques-

tion, and all persons known to you who have any knowledge acquired by personal experience of relevant facts bearing on how the accident happened."

To this interrogatory defendant admits a willingness to disclose the facts requested.

Interrogatory no. 2:

"State whether you had any physical defects at the time of the accident in question.

"(a) State whether you wear eye glasses;

"(b) State whether you were wearing eye glasses at the time of the accident."

To this interrogatory we state that we do not believe that this need be answered by, defendant. The mere fact that a person wears eyeglasses does not indicate necessarily that they have defective vision or that on the day in question they had their glasses on or off. Nearly all parties wear eyeglasses at some time of their life if only for the purpose of reading, and we do not see that this interrogatory is necessary to the proving of a prima facie case for the plaintiff.

Interrogatory no. 3:

"State the make and model of the automobile involved in this accident. State when said automobile was last inspected prior to the time of the accident; state the name and address of the person making the inspection. State whether you have a report of said inspection, either oral or written. If you have a written report, state the contents and physical location of same."

With regard to this interrogatory, we do not believe that this is a matter necessary for the plaintiff to prove a prima facie case, and for that reason we refuse to compel defendant to answer it.

To Interrogatory no. 4, asking when defendant first noticed plaintiff prior to the accident and his location at the time; stating distances from curbs and intersec-

tions; stating the speed at which defendant was traveling at the time he first noticed plaintiff, we state that we do not believe that this interrogatory is necessary for the proving of a prima facie case.

Interrogatory no. 5 reads: "State the length of time which elapsed between the time you first saw plaintiff and the time of the accident." This is a matter purely between plaintiff and defendant and it not necessary for the proving of a prima facie case. This answer is also true of Interrogatories nos. 6, 7, 8, 9, and 10.

Interrogatory no. 11: "State the parts of your motor vehicle which came in contact with plaintiff."

This interrogatory may be essential and necessary for plaintiff to prove a prima facie case, and for that reason, we order that it be answered.

Interrogatory no. 12:

"State whether you gave any warning of your approach prior to the accident; if so, state the nature of said warning; where your vehicle was in relation to plaintiff at the time of said warning."

We do not believe that this is necessary for plaintiff to prove a prima facie case, and for the reason, refuse it.

"The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it": Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427, 430. This case also states "the matters about which inquiry is made must bear pertinently upon the matters which he will be required to prove affirmatively at trial".

### Order

And now, to wit, May 20, 1954, the petition is granted as to no. 1 and no. 11 Interrogatories; and as to all other interrogatories, the petition is discharged.