## Northumberland County v. Gap Coal Co.

*Carl Rice* and *Frederick E. Lark*, for plaintiff.

*Wilbur H. Haines, Jr., David E. Abrahamsen*, and *Pepper, Bodine, Frick, Scheetz & Hamilton*, for defendants.

FORTNEY, P. J., December 30, 1957.—This matter is before the court on defendants' objections, first, to plaintiff's interrogatories and, secondly, to plaintiff's request for the production of certain documents for inspection or copying.

Plaintiff filed a complaint in equity in which it is averred the County of Northumberland, the owner of

certain coal lands, through a former board of county commissioners, entered into a purported deep mining lease with Gap Coal Company, one of the defendants, on March 6, 1954, and a supplement thereto on November 4, 1955. This lease gave the coal company the right to mine and remove coal underlying certain specifically described land for a potential period of 60 years; that defendants have been and presently are conducting mining operations on these lands, and Charles and Edward Nalewak are working thereon under a sublease or working agreement with the coal company. Plaintiff further avers the lease is invalid, void and illegal because: (1) Beyond the constituted powers of the county commissioners who entered into it, and (2) against the public interest in that (a) the potential term of the lease is 60 years; (b) any sale or redemption of the land is subject to the lease; (c) a maximum royalty ceiling of $.40 per ton is fixed. The complaint asks that defendants be enjoined from entering upon the land or from mining or removing coal therefrom, and, finally, that money damages be awarded plaintiff.

Defendants filed a responsive answer denying the lease is invalid, for the reasons stated, and aver the county commissioners in entering into this lease were engaged in a business or proprietary function of the county. The answer, additonally, denies the lease is invalid because against public interest in the respects set forth in the complaint, and avers the lease is in the interest of the public because: (a) It affords opportunity to make the land, which had produced no income for 15 years, income producing; (b) a lease for the term granted with the provision that any sale or redemption be subject to the lease was necessary because of the highly speculatve nature of the investment, the time and financial outlay required to make removal of the coal a profitable operation, and the pre-

vailing economic condition of the anthracite industry; (c) the royalty agreed upon provided an assured income and required lessee to bear the risk of fluctuating market and afforded lessee a reasonable opportunity to recoup the substantial investment required for a highly speculative operation; (d) the lease afforded a reasonable probability of providing needed employment locally; (e) there was no other foreseeable use for the land.

Plaintiff has addressed 22 interrogatories to defendants to be answered and, additionally, filed a motion for an order directing the Gap Coal Company to produce and permit inspection of certain reports and documents. Defendant, Gap Coal Company, objects to the interrogatories and the motion to produce documents because the matters about which plaintiff seeks to inquire are not relevant to the issues involved and will not substantially aid plaintiff in the preparation of the case for trial, and, in addition, the answers would disclose the existence of information secured in preparation for trial.

Plaintiff is proceeding under the new rules of discovery, effective July 1, 1954, rules 4001-4025, and most particularly rule 4007(a), which provides: "Any party may take testimony of any person, including a party, for the purpose of discovery by deposition, upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of pleading or the preparation or trial of the case."

The new rule 4011 provides: "No discovery or inspection shall be permitted which (a) is sought in bad faith; (b) causes unreasonable annoyance, em-

barrassment, expense or oppression to the deponent or any person or party; (c) relates to matter which is privileged or would require the disclosure of any secret process, development or research; (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or (e) would require the making of an unreasonable investigation by the deponent or any party or witness."

In the interrogatories and the petition to inspect certain records plaintiff seeks information concerning the organization, location, structure, nature, financial condition and mode of operation of defendants' business and property. The pleadings raise but two issues: (1) Was the agreement with the coal company beyond the constituted powers of the county commissioners who entered into it?, and (2) is the agreement against public interest in any of the three respects averred in the complaint? We can not see that the information sought by plaintiff is relevant to the issues raised in the pleadings. See Klein v. Commonwealth, 9 D. & C. 2d 792, 795; Schwartz v. Helwig Pontiac Co., 7 D. & C. 2d 586, 588; Fratkin v. Wolfe, 78 D. & C. 427; Lomish v. M. Nimelstein Sports Co., 367 Pa. 393, 396. Under the circumstances we make the following

### Order

And now, December 30, 1957, the objections of defendant, Gap Coal Company, to plaintiff's interrogatories and petition for inspection of records are sustained.

An exception is noted for plaintiff.