## Tyhanic v. Willard

*Gawthrop & Greenwood*, for plaintiffs.

*Frank M. Perna, 2nd*, and *MacElree, Platt & Marrone*, for defendants.

LICHTENFELD, J., March 2, 1960.—This matter is before the court on plaintiffs' motion under Pa. R. C. P. 4019 (*b*) to compel Robert A. Willard, one of defendants, to answer certain questions propounded to him which he refused to answer at oral depositions, under Pa. R. C. P. 4007 (*a*), taken on January 7, 1960, for the purpose of preparation for trial of the case.

Plaintiffs filed a complaint in assumpsit against defendants containing two counts, alleging breach of

two oral contracts entered into in 1957 between the parties, whereby defendants were to build and install certain equipment for two customers of plaintiffs, namely, D. Vincenti Company and Concord Foods, Inc., in accordance with plans and specifications as specified by plaintiffs. The complaint avers that defendants were authorized to and did in fact deliver the machines to their customers and received payment of the contract price the customers were to pay, but avering that that part of the customer's contract price, over and above that which was due defendants, was not forwarded or paid by defendants to plaintiffs.

Defendants filed an answer denying that plaintiffs had a contract with D. Vincenti Company and Concord Foods, Inc., but that to the contrary, defendants had contracts with plaintiffs' alleged customers for the equipment described in plaintiffs' complaint. Defendants, however, allege an oral agreement with plaintiffs whereby plaintiffs agreed to furnish defendants with certain detailed drawings for the equipment, and defendants agreed to pay plaintiffs at a certain schedule therefor, but that there was nothing owing to plaintiffs under these contracts by reason of the breach of contract on the part of plaintiffs due to their failure either to furnish the drawings or furnishing inferior and inadequate drawings.

Depositions were taken by plaintiff of the testimony of Robert A. Willard, one of defendants, under Pa. R. C. P. 4007(a).

There were 22 questions which defendant, Robert A. Willard, refused to answer. Twenty-one of the questions dealt with the financial condition of defendants during 1956 and 1957, and asking in particular during this period whether the partnership had borrowed money, reported all its income, how much was not reported, whether the partners put any money into the partnership, who kept the partnership books and his

relationship to one of defendants, whether any time cards were fraudulently rung up to pad bills of customers, whether work was done for a customer Losito and if time cards were fraudulently rung up for his work.

The twenty-second question, after calling defendants' attention to paragraph 10 of his answer that there are no moneys due to plaintiffs, asked him to "explain the accounting which you gave Mr. Tyhanic in your own handwriting toward the end of the year 1957, in which there is indicated $824.00 due on Vincenti, $259.50 due on Concord Foods, Inc.?"

Are the questions submitted to defendant, Robert A. Willard, "relevant to the subject matter involved in the action" and will they "substantially aid (plaintiffs) in the preparation or trial of the case"?

The issue under the pleadings is whether the contract is as plaintiffs state it is, or as alleged by defendants.

Plaintiffs contend that the first 21 questions are relevant to explain defendants' failure to perform in accordance with his agreement.

The question of defendants' financial status is not in issue under the pleadings.

Evidence of the wealth or poverty of a party is not ordinarily admissible in actions sounding in contract: 20 Am. Jur. §259, p. 250; First National Bank v. Stewart, 114 U. S. 224; 1 Henry, Pa. Evidence §14, p. 27.

In Silverstein v. Kreitzer, 6 D. & C. 2d 259, which was an action for a partnership accounting, the court refused a series of questions propounded by plaintiff concerning defendants' financial condition to establish fraud by proving that defendants' net worth had unexplainedly increased during the term of the partnership, on the grounds that the information sought to be solicited was not relevant.

It is apparent in the instant case, where the issue under the pleading is whether the contract is as plaintiffs or defendants aver it to be, that the financial condition of defendants is not relevant to the subject matter involved in the action. Therefore defendant properly refused to answer the first 21 questions.

The twenty-second question propounded asked defendant, Robert A. Willard, to explain an apparent contradiction between an alleged accounting given by defendants to plaintiffs, showing a sum due to plaintiffs on the two contracts, and the averment in paragraph 10 of defendants' pleading stating there are no moneys due to plaintiffs.

In 4 Goodrich-Amram, Procedural Rules Service, §4007(a)-19, p. 120, the authors state that rule 4007(a) requires that the discovery substantially aid the inquirer for certain purposes. If it will not fulfill this condition, the discovery will be disallowed, even though it satisfies the requirement of relevancy and nonprivilege and even though it does not violate any of the limitations of rule 4011. Further, it is still the rule in Pennsylvania that neither side is entitled to a "script for the trial" from the adversary: Robbins v. Lashner, 1 D. & C. 2d 302, 307; Kulbacki v. Seybold, 4 D. & C. 2d 330, 332.

There is a further requirement under a prior decision in Chester County that : " 'Discovery in aid of an action at law is an equitable remedy whereby a litigant is enabled to obtain prior to trial information' and 'is dependent upon a prima facie showing of necessity'. Lomish v. Morris Himelstein Sportswear Company, Inc., 367 Pa. 393.

"This doctrine is implicit in the provisions of Pa. R. C. P. 4007(a), limiting the examination to 'any matter . . . which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or

trial of the case' ": Krasnick v. Krasnick, 8 Chester, 314, 316.

In Berlin v. Brody, 4 D. & C. 2d 173, it was held that a party may properly refuse to answer on oral depositions taken pursuant to Pa. R. C. P. 4007, questions which have previously been answered in the pleadings, since a second answer under oath cannot substantially aid in the preparation of the case for trial as required by Pa. R. C. P. 4007. The court said, on page 175: "Discovery which seeks answers to matters already treated in the pleadings cannot be proper discovery". See also Kulbacki v. Seybold, supra, p. 333, Jones v. Cen-Penn Food and Appliance Service, Inc., 2 D. & C. 2d 57.

In the instant case, it does not appear that plaintiff will be substantially aided by defendants' explanation of the alleged contradiction of his sworn statement in his pleading with another document in the hands of plaintiffs. The pleadings set forth in detail and clearly defendants' defense to plaintiffs' action. Plaintiffs have in their possession what they contend is a contradictory statement.

With the sworn answer set forth in paragraph 10 and the alleged contradictory account, plaintiffs have all that is necessary to attack at trial the credibility of defendants, without asking for an explanation by discovery of the alleged inconsistency.

We fail to see how defendants' answer to this question will substantially aid plaintiffs in the preparation or trial of the case. The only purpose that could be served by having defendant answer the twenty-second question is to provide plaintiffs with a script for the trial in advance and this is not the purpose of the discovery rules in Pennsylvania.

### Order

And now, March 2, 1960, the application for an order under Pa. R. C. P. 4019 (b) is denied.