# Bailey's Estate.

*Trusts and trustees—Discretion of trustee—Payment out of principal for maintenance—Accounts.*

Where a testator directs his trustee to pay to his son $300 per year for life, if the income should be sufficient, or $400 per year if the sickness or necessity of the son made it necessary, in the discretion of the trustee, and the trustee pays the larger sum, and his accounts showing such payments are confirmed, other parties in interest cannot claim on a bill of review that the burden is upon the trustee to show that he properly exercised his discretion in paying to the son the larger amount. In such a case the burden of proof is not on the accountant, but on those who question the correctness of his accounts. Every presumption is in favor of the trustee's honest exercise of his discretion.

Where an accountant charges himself with interest on the whole balance of principal carried forward from prior accounts, and it appears that the principal is being encroached upon and diminished by proper annual payments in excess of income and by expenses of administration, an adjustment is properly made by taking credit for the interest on the amount of principal paid out.

*Bills of review—Orphans' court practice—Grounds for review.*

A bill of review may be had as a matter of right only for errors of law appearing on the face of the record, or for new matter that has arisen since the confirmation, and ex gratia for new evidence discovered after the confirmation that could not have been produced before.

Argued March 14, 1904. Appeal, No. 208, Jan. T., 1903, by H. H. Mercer, administrator, from decree of O. C. Lycoming Co., dismissing exceptions to auditor's report in Estate of Harvey Bailey, deceased. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Exceptions to report of B. S. Bentley, Esq., auditor.
The opinion of the Supreme Court states the case.

*Errors assigned* were in sustaining the bill of review and dismissing exceptions to auditor's report.

*Thomas M. B. Hicks,* with him *H. H. Mercer,* for appellant. —The fundamental error made in this case by both the auditor and the court below was in placing upon the accountant the burden of proof to show that the several items of his ac-

counts, three of them confirmed absolutely more than five years and the last one confirmed absolutely nearly three years before the petition for review, were lawful and correct.

Even had the court below been right, as it was not, in placing generally upon the accountant the burden of justifying the accounts sought to be reviewed, the presumption would be that his exercise of the discretion conferred upon him by the will of the testator was proper and rightful, and this presumption would stand until overcome by countervailing proof: Chew's Executors v. Chew, 28 Pa. 17 ; Williams's Appeal, 73 Pa. 249; Ingles's Estate, 76 Pa. 430; Bartol's Est., 182 Pa. 407; Myers's App., 62 Pa. 104.

Review may be had only for error of law apparent upon the record: Russell's Appeal, 34 Pa. 258, 261; Riddle's Estate, 19 Pa. 431; Milligan's Appeal, 82 Pa. 389, 395; LeMoyne's Appeal, 104 Pa. 321, 323; Scott's Appeal, 112 Pa. 427; Priestley's Appeal, 127 Pa. 420.

The error of law complained of must be indicated in the bill or petition with precision and established thereby with absolute certainty : Clothier's Estate, 4 Pa. C. C. Rep. 214 ; same case on appeal, Fletcher's Appeal, 125 Pa. 352 ; Yeager's Appeal, 34 Pa. 173 ; Russell's Appeal, 34 Pa. 258 ; Cramp's Appeal, 81 Pa. 90, 95.

*William R. Peoples* and *S. P. Wolverton,* for appellee, cited: Pry's App., 8 Watts, 253 ; Nevins's Estate, 70 Pa. 410 ; Bishop's Est., 10 Pa. 469 ; Rittenhouse v. Levering, 6 W. & S. 190 ; Jones's App., 99 Pa. 124.

OPINION BY MR. JUSTICE FELL, April 11, 1904 :

The testator left the residue of his estate, after the payment of specific legacies, in trust to pay $300 of the annual income to his son, John C. Bailey for life, with the direction, if the income should be sufficient, to pay him annually the further sum of $100 ; and if it should not be sufficient to pay him $300 annually, that so much of the principal as should be necessary to make up the payment should be taken. The will further provides as follows : " I authorize and empower and direct my said executors hereinafter named, if sickness or necessity shall overtake my said son John C. Bailey, in their discretion,

if deemed by them or their survivor necessary, to use enough of my said residuary estate, in their hands and trust, together with the annual interest arising thereon, to pay my said son $400 a year during his natural life as above stipulated."

One of the executors named in the will declined to act. The other filed four accounts during the period extending from the death of the testator in 1880 to the death of his son in 1895. The first account was designated "The first and partial account," but it appears to have been the full and final account of the administration of the estate except as to an unimportant item with which the accountant afterwards charged himself as trustee. The other accounts were triennial accounts of the trustee. Due notice of the filing of these accounts was given by advertisement, and they were all confirmed absolutely by the court. In 1896 a petition was presented by the residuary legatees asking the court to open and review these accounts and to grant a rehearing as to so much thereof as was alleged to be erroneous. The main objection to the accounts and the only one to be considered, because it was the only one sustained by the court, was that the accountant had paid the testator's son more than he was authorized to pay. An answer was filed by the accountant in which he denied the right of the court to review the three accounts that had been filed more than five years before the date of the petition, and in which he averred that all of the accounts were correct. The matter was referred to an auditor whose report was filed in 1899, more than a year and a half after the death of the accountant. The court approved the finding of the auditor that a devastavit had been committed by the payment to the testator's son of an amount in excess of the payments authorized by the will; the accounts were opened and the accountant was surcharged with the amount of these payments and with two other amounts for which credits had been taken.

There was no testimony presented to the auditor that tended in any manner to impeach the accounts or to show that they were not entirely correct. The payments for which credits were taken as having been made under the direction of the will were at the rate of $400 per year, the maximum allowance to be paid in the event that the income amounted to that much, or that the sickness or necessity of the testator's son in the

judgment of the accountant warranted the payment of that amount. The view expressed by the auditor and adopted by the court was that, since the accounts filed showed that the annual income did not exceed $300, these payments could be justified only on the ground of sickness or necessity, "and in the entire absence of any proof showing or tending to show that the condition of sickness or necessity as provided for in the will had overtaken J. C. Bailey, that the payment to him of an annuity exceeding $300 was unauthorized."

In this there was error. The burden of proof was not on the accountant, but on those who questioned the correctness of his accounts. The power given him to pay in his discretion the larger amount in the event of sickness or necessity was a very broad one, largely a matter of personal judgment, and his discretion could not be interfered with except for clear abuse of the power. Every presumption was in favor of its honest exercise: Pulpress v. African M. E. Church, 48 Pa. 204; Naglee's Estate, 52 Pa. 154; Williams's Appeal, 73 Pa. 249. Fraud will not be presumed, and there was nothing on the face of the account in regard to these payments that offered the slightest ground for its inference, or that made it incumbent upon the accountant to justify his action. The other reasons assigned for granting the petition for a review are equally untenable. The credit taken in the first account for $700 " paid J. C. Bailey annuity at decedent's request during his lifetime " was not claimed in the account as a payment made by direction of the will, and as it appeared from its face that it was made during the testator's lifetime, it could not have been. Prima facie it was a repayment to the accountant of money paid by him for and at the request of the testator. The credit for " interest on payments " in the last two accounts carry their own explanation and justification. In these accounts the accountant charged himself with interest on the whole balance of principal carried forward from the prior accounts. Since the principal was being encroached upon and diminished each year by annual payments in excess of income and by expenses of administration the charge was too large, and an adjustment was made by taking credit for the interest on the amount of principal paid out.

But aside from the want of merit in the objections to the

accounts, there was no ground for the granting of a review. It has been settled in a long line of cases that petitions of review under the act of 1840 are governed by the chancery rules as to bills of review, and that a review may be had as matter of right only for errors of law appearing on the face of the record or for new matter that has arisen since the confirmation, and ex gratia for new evidence discovered after the confirmation that could not have been produced before : Green's Appeal, 59 Pa. 235 ; Milligan's Appeal, 82 Pa. 389; Scott's Appeal, 112 Pa. 427 ; Priestley's Appeal, 127 Pa. 420. The averments of the petition did not bring it within these rules, and it should have been dismissed.

The decree is reversed at the cost of the appellee.