## Kane's Estate

*Michael A. Maloney,* for exceptant; *Joseph P. Gaffney,* contra.

STEARNE, J., December 4, 1934.—A trustee for a life tenant accepted a running business from an executor of an estate, as one of the trust assets. This was pursuant to an adjudication of an auditing judge. After more than 5 years from the absolute confirmation of the account and the taking possession of all the business assets, including stock in trade, fixtures, equipment, books of account, etc., and after the executor had died and after the loss or misplacement of the books and records of the business by the trustee himself, the trustee persistently insists upon a review of the adjudication and account, and that the administrator of the deceased executor be required to state an account of the deceased executor's administration of the business from the date of the last entry in the orphans' court account until the date when the trustee, 1 year thereafter, actually assumed physical possession of the assets.

The last entry in the orphans' court account is dated October 21, 1927. The account was filed May 28, 1928. It was audited June 18, 1928, and the adjudication filed August 29, 1928. The trustee for the life tenant was appointed September 20, 1928, and took possession of the business asset on October 20, 1928. What the trustee desires, as heretofore indicated, is an accounting from the

246

date of the last account entry, to wit, October 21, 1927, to the date when he, as trustee, took possession of the business.

An examination of the account reveals that the composition of the balance of the personal estate was the business itself. All its assets are itemized. With a running business, the stock, cash, bills receivable and payable, etc., vary from day to day. The present situation differs from a case where the assets consist, for instance, of securities, and a period of time elapses between the accounting and delivery. In this latter case, a fiduciary may not receive and pay out funds and fail to account therefor. But in our opinion it was the duty of this trustee to have immediately, upon coming into possession of the business and its assets, taken appropriate steps to have all questions judicially settled if he disputed the accuracy of the accounting or the extent of the assets. It is too late to do this after waiting over 5 years, and after the executor is dead, and when even he himself cannot produce the business records or explain their absence.

The auditing judge properly refused to permit a review of the account of a decedent in the audit of the executor's own personal estate: Linnard's Estate, 299 Pa. 32. After a lapse of 5 years the trustee is foreclosed from reviewing the former adjudication: Stetson's Estate, 305 Pa. 62. True it is that the trustee avers fraud, but the proofs reveal merely a disagreement as to verification of the assets and business accounts. All this could have been adequately and accurately settled if appropriate steps had been promptly taken and prosecuted, especially in the lifetime of the executor, and while the books and records of the business were extant.

The exception is dismissed, and the adjudication is confirmed absolutely.