## Cipriotti Estate.

Argued January 9, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Thomas L. Kelly,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellant.

*A. Kenneth DePaul,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:

Joseph Cipriotti died testate on April 24, 1969, and his will was probated on May 2, 1969. Letters testamentary were granted to Elizabeth Snyder, appellant. Thereafter, the executrix filed her final account. That account was confirmed and a final decree of distribution entered on May 31, 1971. No exceptions were taken to the adjudication.

On November 24, 1971, over seven months after the decree of distribution, appellant filed a petition to set aside the adjudication so that she could file a claim for $7,500. This amount, she claimed, was due her as a result of loans purportedly made to decedent in 1965. This claim was not asserted at any time during the administration of the estate and does not appear in the statement of debts and deductions nor in the final account. Appellant, who was present at the audit and was represented by counsel in her fiduciary capacity, neither informed the court of this claim at audit nor filed exceptions to her account or the adjudication.

Appellant contends that the court abused its discretion in refusing to allow her to assert this claim after the final decree of distribution. Our review of the record, however, reveals that the chancellor properly determined that "the reasons offered in support of the petitioner's request are without legal or equitable merit, and that the facts and circumstances here present neither justify nor warrant the granting of the requested relief." Finding no abuse of discretion, or error of law, we affirm.

It is well settled that review of an account—as permitted by Act of May 5, 1970, P. L. 336, §4, as amended, 20 P.S. §320.721 (Supp. 1972)—is granted as of right only: ". . . (1) where there are errors of law appearing upon the face of the record; (2) where new matter has arisen since the confirmation of the account or decree; (3) where justice and equity require a review and no person will suffer thereby." *Pincus Estate*, 378 Pa. 102, 108, 105 A. 2d 82, 85 (1954). "As to matters existing at the time of the adjudication but not of record, the granting or refusing of a petition for review of a former proceeding, order or decree is a matter within the sound discretion of the court below, and the court's action will not be disturbed unless there is an

abuse of that discretion." *Osterling's Estate,* 337 Pa. 225, 228, 10 A. 2d 17, 18, cert. denied, 309 U.S. 689, 60 S. Ct. 892 (1940). See also *Pincus Estate,* supra; 3 Partridge-Remick, Pa. Orphans' Court Practice §§26.02-26.03 (1962).

Here, appellant is not entitled to review as a matter of right. She neither alleged any errors of law appearing on the face of the record, nor asserted that new matter had arisen since confirmation of the account. Rather, she alleges that she failed to give timely notice of her claim because she was unfamiliar with the procedures and did not know that an executrix could file a claim. Yet, throughout the entire proceedings she was represented by counsel. "Ordinary diligence on the part of the [appellant] at the time of the audit of [her final] account would have required that [her] complaint should have been made then and there. . . ." *Pincus Estate,* supra at 108-09, 105 A. 2d at 85.

We are unable to conclude—as appellant urges—that the court abused its discretion in dismissing appellant's petition. As we stated in *Osterling's Estate,* supra at 229, 10 A. 2d at 19: "There was available to the beneficiary in this estate a proper remedy by exception and appeal from the decrees of the court below, and to substitute now in the place thereof a review of all the accounts filed and adjudicated, and to jeopardize the propriety of the distributions made thereunder, would be violative of the rule that the period for exception and appeal cannot be enlarged or renewed by a petition for review. Such would be the effect of the granting of the petitions in the present case: . . ." (Citations omitted.) See also *Pincus Estate,* supra; *Gottschalk's Estate,* 344 Pa. 135, 23 A. 2d 454 (1942); 3 Partridge-Remick, supra at §26.03. Were we to sustain appellant's contentions, we would, indeed, be

unduly and unreasonably interfering with the orderly and proper administration of decedent's estates.*

Decree affirmed. Each party to pay own costs.

---

* In view of our disposition we need not decide whether the Dead Man's Statute, Act of May 23, 1887, P. L. 158, §5, cl.(e), 28 P.S. §322 (1958), was properly invoked to preclude appellant from testifying concerning a property settlement agreement executed in 1966.