568 A.2d 182

**In re ESTATE OF Alphonse K. ROART, Deceased.**

**Appeal of Helena T. GAYDOS, Executrix of the Estate of Lucie Berte Roart.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1989.

Filed Nov. 16, 1989.

Reargument Denied Jan. 26, 1990.

40

John K. Weston, Philadelphia, for appellant.

Mark A. Lublin, Philadelphia, for First Pennsylvania Bank, participating party.

Before CIRILLO, President Judge, and KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a decree of the Court of Common Pleas of Philadelphia County, orphans' court division, dismissing appellant's exceptions and affirming the denial of her petition for review of a 1975 adjudication of the orphans' court. We affirm.

The instant action relates to the estate of Alphonse K. Roart, who died in March, 1974. Probate of Mr. Roart's will resulted in the granting of letters testamentary to the First Pennsylvania Banking and Trust Company (the bank), appellee. The will provided annuities for Roart's widow, Lucie B. Roart, as well as gifts to several charitable organizations. Mrs. Roart elected against the will.

In April, 1975, the bank filed its first and final account which was confirmed *nisi* by the lower court on October 8, 1975. No exceptions were filed to the adjudication. On June 24, 1976, the lower court approved and filed a schedule of distribution. Objections to the schedule of distribution were filed by Helena T. Gaydos, appellant. Mrs. Gaydos had been granted letters testamentary for the estate of Mrs. Roart, who died in July, 1975.

On September 3, 1976, Mrs. Gaydos filed a petition for review of the lower court's adjudication of October 8, 1975. The petition alleged that the bank was negligent in failing to sell at an earlier date shares of stock in the bank holding company (First Pennsylvania Corporation) which were part of Mr. Roart's original estate. In the petition, Mrs. Gaydos requested that the bank be surcharged the amount of $76,930.39 as a result of its alleged negligence. Joining in Mrs. Gaydos' petition were the Overbrook School for the Blind and St. Edmond's Home for Crippled Children, two of the beneficiaries under Mr. Roart's will. The Attorney General of the Commonwealth of Pennsylvania also joined as *parens patriae.*[1]

1. These parties—Overbrook School for the Blind, St. Edmond's Home for Crippled Children, and the Commonwealth of Pennsylvania—have joined in the brief of appellant.

On November 17, 1976, the bank filed an answer and new matter in response to appellant's petition. A period of discovery ensued. Then, on February 11, 1982, appellant filed an amended petition for review. The bank responded to this petition with preliminary objections, which were sustained by the lower court in June, 1984, because the amended petition was filed more than five years after the final confirmation of the account and did not allege fraud.

In December, 1984, the lower court granted the bank leave to file requests for admissions which were answered by all parties. Mrs. Gaydos then requested and received leave to file admissions. The bank opposed this request and the lower court modified its order granting Mrs. Gaydos' request. The bank was then required to answer only certain of the requested admissions.

A hearing on appellant's petition was held on April 4, 1986. The lower court determined, in an opinion rendered March 31, 1988, that appellant had failed to sustain her burden of proof on the petition to review, and denied the petition. Appellant filed exceptions to the lower court's determination and the exceptions were argued before the court *en banc*. On December 22, 1988, the court *en banc* dismissed appellant's exceptions and affirmed the denial of the petition for review. Appellant then filed the instant timely appeal.

Appellant makes the following arguments on appeal: (1) the lower court erred in failing to find that the bank and the holding company had admitted the allegations in certain paragraphs of the original petition for review; (2) the lower court erred in failing to require the bank and the holding company to file answers to all of the requests for admissions which appellant submitted; (3) the lower court erred in failing to find that appellant had demonstrated after-discovered evidence which would justify the granting of the petition for review; (4) the lower court erred in failing to find that the bank violated its own internal policies regarding the sale of holding company stock held in an estate

account; and (5) appellant met her burden of proving that the adjudication of October 8, 1975 should be opened.

Before addressing appellant's contentions, we note that our scope of review in an action challenging an account filed on behalf of an estate is limited to a determination of whether the findings of fact of the lower court are supported by sufficient, competent evidence and whether the court below committed an error of law or abused its discretion. *In re Gramm's Estate*, 437 Pa. 381, 263 A.2d 445 (1970). Review of an account is granted as of right only (1) when there are errors of law appearing on the face of the record; (2) where new matter has arisen since confirmation of the account or decree; or (3) where justice and equity require a review. *In re Cipriotti Estate*, 451 Pa. 91, 301 A.2d 358 (1973); *Pincus' Estate*, 378 Pa. 102, 105 A.2d 82 (1954). On a bill of review, the burden is on the person questioning the correctness of the accounts. *In re Bailey's Estate*, 208 Pa. 594, 57 A. 1095 (1904).

Appellant first contends that the answers filed by the bank to four of the paragraphs in the original petition for review were actually admissions because they lacked sufficient specificity to constitute denials. The lower court erred, appellant argues, in failing to find that the bank had admitted these allegations. The paragraphs to which appellant refers and the corresponding answers of appellee are as follows:

15. The asset-quality problems referred to in paragraph 14 hereof were caused, inter alia, by the Bank's excessive and imprudent loans to real estate investment trusts.

The answer:

15. It is denied that the Bank or Holding Company had asset quality problems and denied that the Bank made excessive or imprudent loans to real estate investment trusts.

The petition:

16. Because of the asset-quality problems reported by the Federal Reserve Bank, the financial conditions of the Bank and the Holding Company were greatly weakened.

The answer:

16. It is denied that the Bank or the Holding Company had asset quality problems and denied that the financial conditions of the Bank or the Holding Company were weakened.

The petition:

17. Prior to January 1976, the weakened financial conditions of the Bank and Holding Company were not disclosed to the investing public.

The answer:

17. It is denied that the Bank or the Holding Company were in a weakened financial condition and denied that there was any failure to make proper disclosure to the investing public.

The petition:

19. The officers of the Bank knew in 1974 and 1975 that the financial conditions of the Bank and the Holding Company respectively were far weaker than was publicly believed.

The answer:

19. The allegations of paragraph 19 are denied. It is denied that the financial conditions of the Bank and Holding Company were weak. Respondent has no knowledge of the beliefs of the public except what was evident from the decline in the price of the shares of the Holding Company. If the same is material and relevant, proof thereof is demanded.

Under Rule 1029 of the Rules of Civil Procedure, Pa.R.C.P., Rule 1029, 42 Pa.C.S.A., a responsive pleading must "admit or deny each averment of fact in the preceding pleading...." *Id.*, Rule 1029(a). "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." *Id.*, Rule 1029(b). The requirements of Rule 1029 are

applicable to orphans' court proceedings. *See* Pa. Orphans' Court Rules, Section 3, Rule 1, 20 Pa.C.S.A. (pleading and practice in the orphans' court shall conform to pleading and practice in equity in the court of common pleas); Pa.R.C.P., Rule 1501, 42 Pa.C.S.A. (procedure in an action in equity shall be in accordance with rules relating to civil actions).

Under Rule 1029(a), *supra,* a responsive pleading is not required to an allegation which is not an averment of fact. *Kappe Associates, Inc. v. Aetna Casualty & Surety Co.,* 234 Pa.Super. 627, 341 A.2d 516 (1975). "Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation." *Id.,* 234 Pa.Superior Ct. at 632, 341 A.2d at 519, *quoting Srednick v. Sylak,* 343 Pa. 486, 492–93, 23 A.2d 333, 337 (1941). Similarly, the determination of whether or not a denial is specific must be made in light of the particular averments involved. 2A Anderson Civil Practice, § 1029.3. "No fixed rule can be stated for determining whether a denial is specific. It is a matter which must be determined in each case from an examination of the pleadings." *Id.*

We have reviewed the allegations in the petition for review and the answer filed by appellee under the above standards and find no error in the lower court's holding. We agree with the lower court that the allegations contained in paragraphs 15, 16, 17, and 19 of the petition are appropriately characterized as conclusions of law to which a specific denial was not required. The allegations of "excessive and imprudent loans," "weakened financial condition," and "asset-quality problems" are each conclusions of law leading to the ultimate conclusion set forth by appellant in paragraph twenty-one of the petition, i.e., that the bank should be surcharged because of its failure to dispose of Alphonse Roart's shares in its stock prior to December, 1975. Furthermore, the allegations in the petition are not themselves supported by reference to any specific facts, thereby precluding appellee from preparing a more specific denial.

██ There is some accuracy to appellant's contention that the form of the bank's answers was defective because those answers repeated the words of the allegations in the petition. We are not, however, persuaded by this technical argument. As we have just indicated, our reading of the pleadings involved demonstrates that the specific denial of the type asserted by appellant as necessary in this circumstance was not required. Rather than holding appellee to a technical conformance to the requirements of Rule 1029, we will be guided, as was the court in *Kappe Associates, supra,* by the dictates of Pa.R.C.P., Rule 126, 42 Pa.C.S.A., which provides:

> The rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

*Id. See Kappe Associates, Inc. v. Aetna Casualty & Surety Co.,* 234 Pa.Super. at 633, 341 A.2d at 519. Taking a similar approach, we find the form of the denials non-determinative of the adequacy of the bank's pleading. Therefore, we affirm the lower court's ruling that the allegations of paragraphs 15, 16, 17, and 19 of the petition were not admitted in this case by appellee's failure to more specifically deny the allegations.

Appellant's next contention is that the lower court erred in failing to require the bank and the bank holding company to file answers to all requests for admissions submitted by appellant. Specifically, appellant argues that because the lower court failed to order answers to all requests for admissions, "certain material facts were never addressed by bank, and therefore could not be relied upon by appellant." Appellant urges that the bank's objection to the requested admissions on the basis that they were an unreasonable burden was invalid.

Under the Pennsylvania Rules of Civil Procedure, a party may serve upon any other party a written request for

admissions. Pa.R.C.P., Rule 4014(a), 42 Pa.C.S.A. Objections may be made to such a request, and the reasons therefore must be stated. *Id.*, Rule 4014(b). "Unless the court determines that an objection is justified, it shall order that an answer be served." *Id.*, Rule 4014(c).

The granting of relief in a discovery proceeding is dependent upon a prima facie showing of necessity, since the relief is not to be granted as a matter of right. *Lomish v. Morris Nimelstein Sportswear Co.*, 367 Pa. 393, 80 A.2d 805 (1951). Much must be left to the chancellor before whom the matter is presented. *Id.*, 367 Pa. at 397, 80 A.2d at 807. In the instant case, the requested admissions to which the bank objected on the grounds of an unreasonable burden totalled thirty-four, and addressed such diverse subjects as the best investment record among fifty major (unnamed) bank trust departments, growth in "classified credits" as reported by the Federal Reserve Bank, and other subjects. The lower court ordered that answers be filed to four of those requests (in addition to other requests for admissions which were objected to on grounds other than unreasonableness). We have reviewed the requests for admissions and find no abuse of discretion on the part of the lower court in ordering that only certain of the admissions be answered. As was stated by the court in *Lenkiewicz v. Lange*, 242 Pa.Super. 87, 95, 363 A.2d 1172, 1176 (1976), decided under the predecessor to the present Rule 4014, but nevertheless with obvious applicability in principle to the present case,

> we believe that a list of requests for admissions may properly be dismissed where it is determined that it places too great a burden on adverse parties. Such a determination, involving as it does, a weighing of factors such as time, reasonableness, and prejudice, is properly left to the sound discretion of the judge who hears the objections.

*Id.*

Next, appellant contends that the lower court erred in failing to find that they had set forth after-discovered

evidence which would justify the granting of the petition for review. Appellant maintains that articles appearing in the New York Times and Wall Street Journal in January, 1976 revealed for the first time that the bank knew, during the time that it was administering the estate of Alphonse Roart, that the value in stock in the bank was declining and that the decline was due to internal problems of the bank and not simply due to market forces. Appellant contends that the information contained in the newspaper articles was not available at the time of the audit, and therefore constituted new evidence justifying a review of the lower court's 1975 adjudication.

The grant or refusal of a new trial or by analogy the opening of an adjudication in the orphans' court on the grounds of after-discovered evidence is discretionary with the trial court and will not be reversed on appeal except for an abuse of discretion. *Higbee v. Koziol*, 383 Pa. 116, 117 A.2d 707 (1955). To justify the grant of a new trial on the basis of afterdiscovered evidence, the evidence must have been discovered since the trial and must be such as would not have been obtainable by the use of reasonable diligence and must not be cumulative or merely go to impeach the credibility of a witness. *Helmig v. Rockwell Manufacturing Co.*, 389 Pa. 21, 131 A.2d 622 (1957), *cert. denied*, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44, *reh'g denied*, 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115 (1957). The after-discovered evidence must also be likely to have compelled a different result. *Weir by Gasper v. Estate of Ciao*, 521 Pa. 491; 556 A.2d 819 (1989); *Der Hagopian v. Eskandarian*, 396 Pa. 401, 153 A.2d 897 (1959), *cert. denied*, 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960). In addition, a review of an adjudication based on after-discovered evidence is not a matter of right, but rests in the sound discretion of the court. *Bailey's Estate*, 291 Pa. 421, 140 A. 145 (1927). "This discretion is to be exercised cautiously and sparingly and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause." *Id.*, 291 Pa. at 424–25, 140 A. at 146–147.

In the instant case, the lower court found that the 1976 newspaper articles to which appellant refers were insufficient evidence upon which to grant the appellant's petition for review. We agree with the lower court's assessment for the following reasons. First, appellant has not proved that the information contained in the newspaper articles could not have been obtained prior to the confirmation of the account by the exercise of reasonable diligence. As the lower court indicated, the precipitous decline in value of the holding company stock was clearly disclosed in the schedule of distribution. In fact, the schedule of distribution showed an even greater loss on the First Pennsylvania Corporation shares than is covered by the surcharge which appellant has proposed. This information should have placed appellant on notice that the holding company's financial condition was in decline. "It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account, to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate." *Mershon Estate*, 364 Pa. 549, 73 A.2d 686 (1950).

Appellant has not proved that had she made diligent inquiry as was her duty as beneficiary, she could not have discovered the information which she alleges was first available to her in 1976. Appellant was well aware of the loss in value of stock held in trust for the estate as demonstrated by her objections to the schedule of distribution wherein she indicated that the accountant had erred in charging her distributive share with a loss on sale of securities. Appellant did not, however, raise the issue of surcharge, although her objections were filed in June, 1976, well after the January, 1976 newspaper articles on which appellant relies for support of her petition for review. Thus, even if the "after-discovered" evidence was not available to appellant at the time of the court's filing of the adjudication by the exercise of reasonable diligence, the information was certainly available to her in June, 1976, when the schedule of distribution was filed. Having failed to utilize her opportunity for making objections as the

means to allege the bank's negligence in failing to earlier sell the securities, appellant cannot now succeed in such argument on a petition for review.  As the court stated in *Bailey's Estate, supra,*

> [a] bill of review will not be considered where the issues were raised, contested and decided, nor will it operate as an exception to an appeal.  The statutory period for appeal cannot be enlarged by a bill of review to correct an error of law which might have been the subject of appeal from the decree of the original account....

*Id.,* 291 Pa. at 424, 140 A. at 146 (citations omitted).  *See also Pincus' Estate,* 378 Pa. 102, 105 A.2d 82 (1954) (statutory proceeding for review of an adjudication not intended to be employed as a device for accomplishing the late filing of exceptions).

Second, even if the information in the newspaper articles could not have been obtained before final confirmation of the account, appellant has not demonstrated that the information would have compelled a different result.  The evidence revealed that the bank desired to sell the stock early in the administration of the estate and advised Mrs. Roart to do so, but Mrs. Roart indicated that she wanted the estate retained in kind; therefore the stock was not sold. Before equity will grant relief on a bill of review, "it must appear that good conscience and substantial justice require it."  *In Re Miller,* 386 Pa. 495, 505, 126 A.2d 393, 398 (1956).  In the instant case, Mrs. Roart was insistent that the stock be retained in kind, despite the bank's recommendation to the contrary.  Although appellant asserts that her instruction to retain the stock in kind was without full knowledge of certain facts, she has failed to demonstrate knowledge of those facts on the part of the bank.  Thus, even if we were to determine that the newspaper articles were afterdiscovered evidence justifying the petition for review, we would be unable to determine that this evidence would compel a different result.  *See also Linnard's Estate,* 299 Pa. 32, 148 A. 912 (1930) (beneficiary not entitled to opening of adjudication on basis of decrease in value of securities where she was aware of continuing investment in

them and in absence of specific averment of facts showing actual deception or misleading of beneficiary by trustee). Thus, we are not persuaded that the lower court abused its discretion in refusing to grant the petition for review.

Next, appellant contends that the lower court erred in failing to find that the bank violated its own internal policies concerning sale of holding company stock held in an estate account. Appellant contends that they were not aware of this policy until after confirmation of the account; therefore the evidence relevant to these internal policies of the bank is after-discovered evidence justifying the petition for review.

Appellant's entire argument on this issue consists of one paragraph containing no citation to legal authority for the proposition that the alleged after-discovered evidence demonstrated a breach of fiduciary duty on the part of the bank. Considering the extent of appellant's failure to brief this argument in appropriate appellate fashion, we decline to consider its merits. *See Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (1982) ("[w]hen issues are not properly raised and developed in briefs ... a court will not consider the merits thereof").

Appellant's final argument on appeal is that "based upon the established facts of the case, appellant met her burden of persuasion that the adjudication should be opened." Specifically, appellant asserts: (1) the bank was under a legal duty to liquidate the holding company securities as soon as it realized that the stock was unsound, and such knowledge should have been available to the bank on or near the time of testator's death; (2) the bank was not relieved from its duty to sell the estate's securities by Mrs. Roart's request that the securities be retained in kind; (3) appellant cannot be estopped from asserting the bank's negligence in failing to sell the securities at an earlier date because Mrs. Roart's decision to retain the stock in kind was not a fully informed one.

As we stated previously, review of an account may be granted as of right only (1) when there are errors of law

appearing on the face of the record; (2) where new matter has arisen since confirmation of the account or decree; or (3) where justice and equity require a review. *In re Cipriotti Estate, supra; Bailey's Estate, supra,* 291 Pa. 421, 140 A. 145. The burden of proof on a bill of review is on the party questioning the correctness of the accounts. *In re Bailey's Estate, supra,* 208 Pa. 594, 57 A. 1095. The orphans' court's grant or refusal of a petition to review its final decree will not be disturbed absent an abuse of discretion. *Downing v. Felheim,* 309 Pa. 566, 164 A. 598 (1932).

As we have previously indicated, appellant has failed to set forth sufficient grounds upon which to grant her petition. The allegations in the final part of her brief simply reiterate what she has previously argued, *i.e.,* that the bank's answers to the petition amounted to admissions, that the lower court erred in refusing her request for certain admissions from the bank, and that the 1976 newspaper articles constituted after-discovered evidence justifying her petition for review. We have already addressed these allegations and found them meritless. We agree with the lower court and the court *en banc* that appellant has failed in her burden of proof. As the lower court stated:

> At best, the petitioners have shown that the fact that the Bank was on the "watch list" in 1974 and 1975 was not made public until January, 1976. Even assuming that knowledge of that fact can be imputed to the trust officers who were responsible for the administration of the estate (petitioners have failed to cite a single case to support such a result), there has been no showing what information was available to them which was not available to the public. Nor has there been any showing what information was available to the officers of the bank which was not available to the public. Clearly, the public was able to gain some indication of the weakened financial condition of the bank because the price of the stock of the Holding Company dropped precipitously during the administration of the estate. Petitioners have produced no proof of any of the facts alleged in the petition. They

did not subpoena any records of the Bank or Holding Company. They did not offer the testimony of any officer or employee of the Bank or Holding Company. Indeed, the petitioners have done no more than speculate concerning what might have been known to the bank officers and not available to the public.

The court *en banc* agreed with this assessment of appellant's failure of proof:

In essence, the petitioners did not offer any evidence in support of their petition. They attempted to prove their case by filing the aforesaid requests for admissions and then taking the position that the bank's answers or lack thereof were sufficient to prove the facts alleged in support of the petition. We find these arguments lacking in merit.

Our review has similarly failed to disclose sufficient proof to support appellant's petition for review. Thus, we find no abuse of discretion on the part of the lower court in denying the petition.

Decree affirmed.