J-A09022-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DELAGE LANDEN FINANCIAL SERVICES, INC., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VOICES OF FAITH MINISTRIES, INC., | : | |
| | : | |
| Appellant | : | No. 2145 EDA 2014 |

Appeal from the Order entered June 26, 2014,
Court of Common Pleas, Chester County,
Civil Division at No. 2011-03131-CT

BEFORE: BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED APRIL 28, 2015**

Appellant, Voices of Faith Ministries, Inc. ("Faith Ministries"), appeals from the order entered on June 26, 2014 by the Court of Common Pleas, Chester County, denying its petition to strike/open default judgment. For the reasons set forth herein, we affirm.

The facts and procedural history is as follows. On November 7, 2006, Faith Ministries entered into a Master Lease Agreement with DeLage Landen Financial Services, Inc. ("DLL") for audio and visual equipment. The initial Master Lease Schedule ("Schedule I") obligated Faith Ministries to make installment payments of $6,097.73 per month for a period of sixty months. On November 21, 2006, Faith Ministries entered into Master Lease Schedule II ("Schedule II") for additional equipment. Schedule II obligated Faith Ministries to pay $1,029.77 per month for a period of sixty months.

On November 14, 2006, Faith Ministries and DLL executed an addendum to Schedules I and II (collectively the "Schedules"), increasing the amount of the payments to account for taxes that became due after Faith Ministries failed to provide documentation to certify that it was a tax exempt organization.[1] In accordance with the addendums, the payments due under Schedule I increased from $6,097.73 to $6,524.47, while the payments due under Schedule II increased from $1,029.77 to $1,101.85 per month.

Faith Ministries made monthly payments in accordance with the Schedules for approximately forty months. On March 24, 2011, DLL filed a complaint in civil action against Faith Ministries, alleging that Faith Ministries defaulted on its payments under the Schedules on January 10, 2010. DLL served Faith Ministries with the complaint on April 2, 2011. On May 10, 2011, the trial court entered default judgment against Faith Ministries after it failed to file a responsive pleading. Faith Ministries thereafter filed a petition to strike/open default judgment on May 20, 2011, and on the same day, the trial court issued an order to show cause and indicated that discovery, including depositions, were to be completed within forty-five days.

---

[1] We note that for reasons unknown to this Court, the parties executed the addendum to Schedule II before executing the Master Lease Schedule II.

On May 31, 2011, DLL sent a request via email to Faith Ministries for the deposition of a Faith Ministries representative. Faith Ministries refused to participate. On June 28, 2011, DLL faxed a notice of telephonic deposition of a representative for Faith Ministries. Faith Ministries thereafter filed a motion for protective order on July 1, 2011, asserting that a deposition was unnecessary. On November 4, 2011, DLL filed a motion to compel Faith Ministries' deposition.

The case was placed in deferred status after Faith Ministries filed a suggestion of bankruptcy on December 5, 2011. The bankruptcy was dismissed on June 7, 2013. On October 21, 2013, DLL filed a Praecipe to Vacate Bankruptcy Stay and Reinstate Case.

On January 17, 2014, the trial court, after considering Faith Ministries' motion for protective order and DLL's motion to compel deposition, granted DLL's motion to compel deposition. On April 16, 2014, DLL deposed a representative of Faith Ministries. On May 30, 2014, DLL filed a second brief in opposition of Faith Ministries' petition to open/strike judgment.

On June 26, 2014, the trial court issued an order denying Faith Ministries' petition to strike/open default judgment. Faith Ministries filed a motion for reconsideration on July 7, 2014[2] and a notice of appeal to this

---

[2] The trial court states in its opinion that Faith Ministries filed its motion for reconsideration on July 7, 2014, but the Prothonotary's Office did not forward the motion for reconsideration to the trial court until August 1, 2014. Since Faith Ministries filed the instant appeal to this Court on July 25,

Court on July 25, 2014. On appeal, Faith Ministries raises the following issues for our review:

> 1. Did [Faith Ministries] plead meritorious defenses in the pleadings of record, including but not limited [to Faith Ministries'] Answer and New Matter as attached to the Petition to Strike/Open Default Judgment [e]ntered May 10, 2011, and/or any other supplemental pleadings, which if proven at trial would entitle [Faith Ministries] to relief?
>
> 2. Did the trial court err when it found that [Faith Ministries] admitted a breach of contract, [and] therefore found no meritorious defense despite [Faith Ministries'] assertion that the amount [DLL] alleges in the Complaint was incorrect and then supported the assertion through [Faith Ministries'] representative's deposition?

Faith Ministries' Brief at 5.[3] In its brief, Faith Ministries combines these issues into one discussion. Thus, for ease of disposition, and as both issues raised by Faith Ministries relate to its claim that it plead meritorious defenses, we will not separate our analysis into two distinct discussions.

Rule 237.3 of the Pennsylvania Rules of Civil Procedure governs the procedure by which a party obtains relief from a default judgment, providing as follows:

---

2014, the trial court no longer had jurisdiction to consider the motion for reconsideration. *See* Trial Court Opinion, 9/19/14, at 1.

[3] Preliminarily, we note that, although Faith Ministries also petitioned to strike the default judgment, its arguments on appeal relate only to its petition to open the default judgment. Thus, we will not address the trial court's denial of Faith Ministries' petition to strike the default judgment.

Rule 237.3 Relief From Judgment of Non Pros or by Default

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3.

We conduct our review of a petition filed under Rule 237.3, pursuant to the following standard of review:

[a] petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

However, we will not hesitate to find an abuse of discretion if, after our o[w]n review of the case, we find that the equities clearly favored opening the judgment.

An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa. Super. 2000)).

It is well settled that a default judgment may generally be opened if the moving party satisfies three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. *Id*. In this case, there is no dispute regarding the first and third requirements. This Court "recognize[s] that Rule 237.3(b) presupposes that a petition filed within ten days of the default judgment is promptly filed and sets forth a reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment." *Boatin v. Miller*, 955 A.2d 424, 427 (Pa. Super. 2008) (quoting *Attix v. Lehman*, 925 A.2d 864, 866 (Pa. Super. 2007)). Faith Ministries filed its petition within ten days of the entry of default judgment, and thus, satisfies the first and third requirements. The central issue in this case, therefore, is whether Faith Ministries, as the moving party, established a meritorious defense.

This Court previously established that "[t]he requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defense does not have to prove every element of its defense; however, it must set forth the defense in precise, specific and clear terms." *Seeger v. First Union Nat. Bank*, 836 A.2d 163, 166

- 6 -

(Pa. Super. 2003) (quoting **Penn-Delco School v. Bell Atlantic-PA**, 745 A.2d 14, 19 (Pa. Super. 1999)).  After our review of the record in the instant matter, we conclude that Faith Ministries failed to set forth a precise and specific defense, and instead, admitted to liability.

Under Rule 1029(b) of the Pennsylvania Rules of Civil Procedure, "[a] general denial or demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." [4]  Pa.R.C.P.

---

[4]  Subdivisions (c) and (e) of Rule 1029 provide:

> (c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.
>
> * * *
>
> (e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:
>
> > (1) averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person and the ownership, possession or control of the property or instrumentality involved;
> >
> > (2) if a pleading seeks additional relief, averments in support of such other relief; and
> >
> > (3) averments in preliminary objections.

Pa.R.C.P. 1029(c), (e).  We note that neither of these subsections applies in this case.

1029(b). "[T]he determination of whether or not a denial is specific must be made in light of the particular averments involved." *In re Estate of Roart*, 568 A.2d 182, 186 (Pa. Super. 1989).

In this case, DLL asserted in its complaint that Faith Ministries "breached the terms and conditions of [the Schedules], for failure to make payment under the Schedules for January 1, 2010, and all monthly payments thereafter. The date of default is January 10, 2010." DLL's Complaint in Civil Action, 3/24/11, at 3 ¶ 8. Faith Ministries provided the following response:

> 8. Denied. It is specifically denied that [Faith Ministries] failed to make payment under the [Schedules] for January 1, 2010 and all monthly payments thereafter. Strict proof thereof to the contrary will be demanded at the time of trial of this matter. It is further denied that [Faith Ministries] defaulted on its obligations under the [Schedules] on January 10, 2010 and strict proof thereof to the contrary will be demanded at the time of trial of this matter.

Faith Ministries' Petition to Strike/Open Default Judgment, 5/20/11, Exhibit B ¶ 8 (Faith Ministries' Answer with New Matter).

DLL also alleged that Faith Ministries owes $183,004.07, plus interest. DLL's Complaint in Civil Action, 3/24/11, at 3 ¶ 11. In support of its argument, DLL provided a four-line breakdown of the amounts owed under each schedule, particularly accounting for the remaining payments, past due

payments, late fees, and finance charges. *Id.* In response, Faith Ministries stated:

> 11. Denied. … it is specifically denied that the remaining discounted payments total $120,921.16 under [Schedule] I and $21,468.98 under [Schedule] II. It is specifically denied that past due payments total $32,622.85 under [Schedule] I and $5,509.25 under [Schedule] II. It is specifically denied that late payments total $1,631.15 under [Schedule] I and $275.50 under [Schedule] II. It is specifically denied that that the [Faith Ministries] is obligated to pay [DLL] a total amount of $155,684.87 under [Schedule] I and $27,319.20 under [Schedule] II. It is specifically denied that the [Faith Ministries] is obligated to pay [DLL] a total amount of $183,004.07. Strict proof thereof to the contrary will be demanded at the time of trial of this matter.

Faith Ministries' Petition to Strike/Open Default Judgment, 5/20/11, Exhibit B ¶ 11 (Faith Ministries' Answer with New Matter).

As DLL's complaint contains averments of fact, Faith Ministries was required to file a responsive pleading with specific denials. *See Rohrer v. Pope*, 918 A.2d 122, 129 (Pa. Super. 2007) (stating, "averments of fact require a denial[.]"); *see also* Pa.R.C.P. 1029(a) ("A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive."). Faith Ministries asserts that it plead meritorious defenses "to both liability, generally, and specifically, as to the amount allegedly due. Our review of the record reveals, however, that although Faith Ministries' answers to DLL's complaint include the language "specifically denied," Faith Ministries failed to assert any facts to deny DLL's

allegations or establish a defense. For example, Faith Ministries did not set forth specifically the date on which it made its last installment payment, it did not set forth the amount of money it believed was due and owing under the contract nor did it set forth the amount of interest it claimed was due. Instead, Faith Ministries simply denied that it missed payments, denied the amount due to DLL, and demanded strict proof at trial, without any facts or details to support its denials.

In **Castings Condominium Ass'n, Inc. v. Klein**, 663 A.2d 220 (Pa. Super. 1995), this Court determined that the appellant's failure to refute the allegations against her with particularity and summarily denying wrongdoing was insufficient to establish a meritorious defense when the complaint "alleged numerous factual details in support of its allegations." **Id.** at 224. Moreover, our Supreme Court has held that where the complaining party provides factual details and allegations, it is imperative for the defending party to deny specifically every fact put in issue that it does not wish to be taken as an admission against it. **See Com., by Truscott v. Binenstock**, 57 A.2d 884 (Pa. 1948); **see also** 3 Goodrich-Amram 2d § 1029(b):1 ("Where a paragraph in a plaintiff's pleading avers five different facts, a defendant's answer, to be sufficient, must deny each of the five facts specifically."). In this case, Faith Ministries failed to specifically deny the facts alleged by DLL in its complaint. As a result, contrary to establishing a meritorious defense, Faith Ministries generally denied the allegations against

it, and therefore, under Rule 1029(b), admitted its liability. *See* Pa.R.A.P. 1029(b).

Furthermore, Faith Ministries' new matter consists of twenty-three paragraphs that contain conclusions of law with no factual support. *Id.* at ¶¶ 14-36. This Court has held that "[i]t is axiomatic, […] that new matter must state facts, not conclusions." *Bowman v. Mattei*, 455 A.2d 714, 716 (Pa. Super. 1983) (quoting *Bureau for Child Care v. The United Fund of the Philadelphia Area*, 207 A.2d 847, 850 (Pa. 1965)). Accordingly, we conclude that contrary to its assertion, Faith Ministries has not presented a meritorious defense in either its answer or in its new matter.

Faith Ministries further contends that the trial court erred by denying its petition to open default judgment before Faith Ministries completed discovery, and that the deposition of its representative, Mia Hawkins ("Hawkins"), supports it defense that the amount due claimed by DLL is incorrect as her testimony "set[] forth a genuine issue of factual dispute in this matter[.]"[5] Faith Ministries' Brief at 16-17. Given our determination, however, that Faith Ministries, by its general denials, admitted the material allegations of the complaint, we conclude that there are no issues remaining regarding liability and the amount due that additional discovery or Hawkins' deposition would address. By its admissions, Faith Ministries failed to

---

[5] We note that while the existence of a genuine issue of material fact is sufficient to defeat a motion for summary judgment, it does not present a meritorious defense to a default judgment.

present a meritorious defense to satisfy the requirements for opening a default judgment. Faith Ministries admitted to liability and to the amount due as alleged by DLL, and the trial court therefore entered default judgment in the amount of $188,004.07 in accordance with DLL's allegations in its complaint. We discern of no error by the trial court in denying Faith Ministries' petition to open default judgment before Faith Ministries conducted discovery and in light of Hawkins' testimony.[6]

As Faith Ministries has not presented a meritorious defense, we conclude that Faith Ministries failed to satisfy the requirements for opening a

---

[6] Furthermore, even if we set aside Faith Ministries' admissions, our review of the record reveals that Hawkins' testimony fails to provide a meritorious defense that would require the trial court to open the default judgment. Instead, Hawkins' testimony, much like Faith Ministries' Answer and New Matter, provided only conclusory statements denying DLL's allegations. Hawkins did not bring any records of payments or any information regarding the number of payments made by Faith Ministries. N.T., 4/16/14, at 38, 41. Moreover, Hawkins directly admitted that Faith Ministries did not make all of the payments under the Schedules. *Id.* at 41.

Hawkins also alleged that DLL's calculations were inaccurate, but did not provide any records regarding the outstanding balance, and stated on two separate occasions that she was unable to provide calculations to support why she believed the amounts DLL alleged to be owed were incorrect. *Id.* at 41-42, 50-55. At the end of the deposition, Hawkins contradicted her earlier statements and provided a calculation of the outstanding balance, which consisted of multiplying the number of remaining payments due to DLL, as alleged by DLL, by the amount of the monthly payment. *Id.* at 62, 71-72. This calculation does not establish a meritorious defense, however, as DLL's complaint provided a four-line breakdown of the balance due on each schedule. Hawkins never offered specific facts, documentation, or other information to contest the amount provided in the breakdown by DLL, and made no mention of the charges aside from the remaining payments. Thus, we would conclude that Hawkins' testimony was insufficient to establish a meritorious defense.

default judgment. Accordingly, we conclude that the trial court did not err or abuse its discretion in denying its petition to open the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015